## Galbreath *against* Galbreath.

Nothing short of an exclusive perception of profits by one tenant in common, for twenty-one years, would justify the court in submitting to a jury to presume an ouster or disseisin, for the purpose of defeating an action of partition.

The statute of frauds and perjuries embraces a transfer by one tenant in common to his co-tenant, of his interest in the land; nothing, therefore, but a written transfer, or a parol sale, accompanied with visible, distinct, exclusive possession under such purchase, accompanied by the payment of money, or the making of valuable improvements by the vendee, would defeat the right of the co-tenant.

ERROR to the common pleas of *Cumberland* county.

This was an action of partition by Samuel Galbreath against Joseph Galbreath, for a tract of land in Dickinson township, containing one hundred and fifty acres.

The plaintiff gave in evidence a deed, dated the 4th of April 1797, from Abraham Greer and wife to Joseph Galbreath and Samuel Galbreath, the parties to the suit, and rested.

The defendant then gave in evidence that about one half of the hand money of the purchase of the land, was paid by each party, and some evidence that the bonds, nine in number, had been paid by Joseph; that neither party lived on the land, but that it had been farmed by tenants, and the profits were received by Joseph from 1799 up to the time when this suit was brought: he also proved that the land, during all that time, and up to the present time, was taxed in the name of Joseph, who paid the taxes.   There was also a good deal of evidence on the subject of indebtedness, by one party to the other, and also about who paid the bonds given for the payments of the land.

The defendant's counsel submitted the following points, upon which they requested the court to charge the jury.

1. If the jury believe that, from the year 1798 or 1799 until the bringing of the present suit, in 1816, Joseph Galbreath, the defendant, held and claimed the land in dispute as his own, received all the rents, issues and profits arising therefrom, had the same land taxed in his name, paid the taxes, and exercised other exclusive acts of

ownership; that this would be such an adverse holding and ouster, as would prevent the recovery of the plaintiff in this suit.

2. If the jury believe that at the time this suit was brought, and for some years previous thereto, Joseph Galbreath was in possession of the whole tract, and claimed and held the same as the sole owner, and took the whole of the profits of said land; that this is such an adverse holding as will warrant the jury in presuming an actual ouster, which would prevent the plaintiff from recovering in the present form of action.

3. If the jury believe that Joseph Galbreath did not hold the possession of the land in controversy, jointly with Samuel Galbreath, before, and when this suit was brought, but was then in possession, claiming the ownership and holding possession for himself alone, of the whole land, the jury should presume an actual ouster and the plaintiff is not entitled to recover.

4. If the jury believe that there was a verbal arrangement about the year 1798, or afterwards, by which Samuel gave up his interest in the possession of the land to Joseph Galbreath, who in consequence went into possession of the whole land, and held such possession of the whole land, and received the profits for himself alone, and paid the taxes for the same ever since; the jury should also presume an actual ouster, and the plaintiff cannot recover in this suit.

Reed, President.—We are not required to settle the long and complicated accounts of the parties in this suit; this is not the object of the action.   The plaintiff alleges that the tract of land referred to, was originally conveyed to him, Samuel Galbreath, and to Joseph Galbreath, as tenants in common, and that they so held as tenants in common up to the year 1816, when this suit was brought, and the object of the suit is to compel partition to be made between them; whether this shall be done, you are to decide.   There seems to be no doubt but that the land, originally, was purchased jointly by Samuel and Joseph Galbreath, and that the deed was to them as tenants in common.   It is so now admitted by the parties.   That being the case, the plaintiff is entitled to your verdict, unless the defendant has in some way or other defeated that right, or shown some evidence to bar it; the proof for this purpose must come from the defendant.

Two grounds are taken on the part of Joseph Galbreath, the defendant.   1.   That Samuel's right was in some way relinquished, or became vested in Joseph ;  2. That there was an ouster of Samuel by Joseph, before suit brought, and that therefore he cannot recover. These points are more specifically put in writing.   The result of long, complicated accounts between the parties, let the balance be as it may, would not vest in Joseph the interest of Samuel under the deed; nothing but a written transfer, or a parol sale, accompanied with visible, distinct, exclusive possession, under such purchase, would defeat the right of Samuel.   Such sale or possession, to have the effect, must be established by evidence, to the satisfaction of the jury.   I confess it is very far from satisfying my mind, that any

[Galbreath v. Galbreath.]

such sale took place ; I see nothing, so far as I can observe, leading to such conclusion, though this is a fact not for the court but for the jury to decide.

The other point embraced in the defendant's points, respecting an adverse holding of possession by Joseph Galbreath, in exclusion of Samuel, is also a fact to be tried by the jury.   The suit was brought in 1816; your inquiry must refer to that period.

The law on this point is, that the possession of one tenant in common is, by implication, the possession of both.   The mere perception of all the profits by one tenant does not change the presumption of law that the one in actual possession, under such circumstances, receives such profits for his own benefit and the benefit of the other tenant, and an action will lie by the one tenant against the other, for his portion of such profits.   Beyond the perception of profits, to constitute an ouster of Samuel's legal possession Joseph must have claimed and held adversely to Samuel, in exclusion of Samuel.   This must have been proved by him to your satisfaction.   I do not remember any witness, who, before this suit brought, referred to any such claim by Joseph.   I cannot recall any part leading strongly to such conclusion.   The accounts of the parties are vague, unsettled, and large; Samuel seems to have paid, from time to time, considerable sums for Joseph ; Joseph seems to have drawn the chief profits of the land ; it is not strange, under such circumstances, that the land should have been taxed to Joseph.   The man in actual possession is generally taxed, and pays the tax out of the profits.   It seems to have been rather a slim estate, not very productive, much out of repair, and neither party living on it.   In fact, it seems there is no house on it, fit to live in.

Lapse of time is not a legal bar in this case; lapse of time is either stronger or weaker, as it is sustained or explained by the evidence; when unexplained, it is generally considered as a strong circumstance ; but where it is fully and satisfactorily explained, it may go for nothing.

If Samuel and Joseph bought in partnership, and the deed was made to them as tenants in common, and Joseph has failed to show a transfer or extinguishment of Samuel's interest, and has failed to show that he held the possession in exclusion of Samuel, when this suit was brought, then your verdict should be in favour of Samuel Galbreath, the plaintiff.

*Penrose*, for plaintiff in error.
*Watts*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—We are of opinion that the errors assigned have not been sustained.

The answers of the court to the points submitted by the counsel of the defendant below, which are assigned as the first error, if erro-

[Galbreath v. Galbreath.]

neous at all, would rather seem to be so because more favourable to him than he had any right to ask; but of this, supposing it to be so, he certainly cannot complain, nor take advantage. It is argued, however, that the favourable effect of the court's answers was done away by the court in the subsequent parts of their charge to the jury, by telling them that they could see no evidence leading to such conclusions. Judging from the record, we also think that the court below were right in giving this instruction to the jury; for, so far as the evidence given appears upon it, it at most only shows that Joseph Galbreath, the defendant below, who is the plaintiff in error, had, from 1799 up to 1816, when this action was commenced, been generally in the receipt of the rents, issues and profits of the land. There was no evidence given tending to prove that he ever denied the right or title of Samuel, the plaintiff below, or that he attempted, at any time, to prevent him from participating in the enjoyment of the land, or in the receipt of the rents and profits thereof; and, without something more than a bare perception of the profits by the one, and a tacit acquiescence therein by the other, it cannot be that the continuance of it, though for the space of seventeen, eighteen, or nineteen years, would amount to an actual ouster or disseisin; nothing short of twenty-one years at least, I would say, ought to warrant the leaving of it to a jury, to presume an ouster or disseisin for the purpose of defeating the action of partition. Thirty-six or forty years have been held sufficient to justify leaving it to the jury to presume an ouster, but certainly no period less than that mentioned in the statute of limitations, has ever been thought of as sufficient. And is not this reasonable? because when one tenant in common of land takes possession of the whole, without doing or saying any thing to show the contrary, except that of barely taking the possession or receiving the profits, the law presumes that he does so for the benefit of his co-tenant, as well as himself, and will consider his possession the possession of both. Unity of possession is one of the essential properties of a tenancy in common, and that relationship being clearly established to have been created between the parties in this case, by the deed of conveyance made to them in 1797, it would seem unreasonable to permit it to be destroyed, without proof of some act being done by one or both, that was incompatible with the presumption that the possession of one was also the possession of the other. But there being no such act here, the jury could not, consistently with the rules of law, infer a disseisin. We therefore think there was no error committed, in this respect, by the court, which could possibly prejudice the defendant below.

The second matter complained of is, that the court erred in charging the jury that "nothing but a written transfer, or a parol sale, accompanied with visible, distinct, exclusive possession, under such purchase, would defeat the right of Samuel," meaning the plaintiff below. The counsel for the plaintiff in error seemed to doubt whether the statute against frauds and perjuries was intended to embrace

[Galbreath v. Galbreath.]

the transfer by one tenant in common, of his interest in the land to his co-tenant. But there is not the slightest ground upon which to raise a doubt or question of this kind, for such case is as clearly within both the letter and meaning of the statute, as any other that can be imagined. The words of the statute are ; " all leases, estates, interests of freehold, or term of years, or any uncertain interest of, in, or out of any messuages, manors, lands, tenements or hereditaments, made or created by livery of seisin only, or by parol, and not put in writing and signed by the parties so making or creating the same, or their agents thereunto, lawfully authorised by writing, shall have the force and effect of leases or estates at will only, &c.; and moreover, no leases, estates or interests, either of freehold or terms of years, or any uncertain interest of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall at any time be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law;" from which it is perfectly apparent, that if an interest or right in land be the subject matter of the contract or transfer, it must be in writing, whether it be made between joint-tenants, tenants in common, or any other description of persons whomsoever. It may be, however, that the charge of the court, as to this point, was not strictly correct; but if it be not, it is because it was more favourable for the plaintiff in error, than he had a right to require. The court seem to have left it to the jury, as if a change of the possession, that was visible, distinct and exclusive, under a verbal contract for the sale of the land, would have been sufficient to have taken the case out of the statute, without any part of the purchase money having been paid, or expenses incurred by the purchaser in making valuable improvements upon it. Now, I must confess, I doubt very much, whether a mere delivery of possession, without more, in such case, be sufficient to take it out of the statute. Although it be a partial execution of the contract, I am inclined to think it altogether insufficient to produce such an effect. To hold it to be so, would be directly in the teeth of the statute. I apprehend it is only where great injustice and injury would be done to the vendee, by turning him out of the possession acquired under a verbal contract for the sale of the land, and where he might be without a remedy affording an adequate compensation, that the statute ought to be held not to embrace the case. The bare loss of possession, it is conceived, cannot be such case, because it may be fully compensated by the recovery of damages from the seller.

The third error is but a repetition of the first, and therefore requires no further notice.

Judgment affirmed.