## Christy et al. *versus* Barnhart et al.

In order to take a parol gift of lands out of the statute of frauds, possession must be taken in pursuance of the gift. A *previous* possession will not have that effect.

ERROR to the Common Pleas of *Butler county.*

This was an ejectment by Barnhart and others *vs.* Christy and the minor children of *William* Barnhart, deceased, for 100 acres of land. The plaintiffs claimed as heirs of *Jacob* Barnhart, and the defendants as heirs of *William* Barnhart, who was a son of *Jacob.* Fifty-one acres and 102 perches of the land in dispute was admitted to have belonged to *Jacob* Barnhart, and was at one time a part of his old place. This piece of 51 acres and 102 perches, was claimed by *defendants* as having been given by Jacob

[Christy et al *v.* Barnhart et al.]

to William Barnhart, his son, by parol gift.   That William took possession of it about the year 1830—that the old man had it surveyed, and gave it absolutely to him; that he made valuable improvements on it afterwards.   The old man died in Nov., 1838, *William* died in 1845.   In 1837, the survey was made; that in 1838, the land was assessed in the name of William, and so continued till the death of William.   Before 1838, it was assessed in the name of the old man.

As to the other piece of fifty acres, the defendants below claimed it as having been purchased by Jacob Barnhart, the father, in 1836, from McCall, expressly for *William*, and that it was paid for jointly by Jacob and William; that William took possession and made valuable improvements on it, and exercising acts of ownership till his death, in 1845.   It appeared from the article of agreement between McCall and Jacob, that Jacob Barnhart paid $176, and William paid $90.   That William finished the payments on it, after his father's death, and that he took a deed to himself *in trust for the heirs of Jacob Barnhart,* dated 28th Oct. 1839. It was said that William was an illiterate man, and may not have known the terms of the deed as to the trust.

BREDIN, J., charged, *inter alia,* that "the mere payment of money by William, on the purchase made by his father from McCall, if there was no agreement that his father was to purchase for him, or for him and his father, would give him no interest in the fifty acres purchased.

In answer to a point, he stated, *that if the evidence on both sides is, that the possession was taken before the alleged contract of gift,* then the defendants would not have any title by the alleged gift.

Verdict was rendered in favor of the plaintiffs, for portions of the land in dispute.

Error was assigned to the charge; and particularly, that

The court erred in saying that if the jury believed that Jacob Barnhart purchased the fifty acres for himself and William, &c. &c. The evidence referred to is, that he purchased it exclusively for William.

The court erred in their answer to plaintiffs' fourth point, in charging that if the defendants were in possession *before* the contract of gift, that defendants would not have any title by the alleged gift.

The case was argued by *Timblin,* for plaintiffs in error; and by *Purviance,* for defendants in error.

The opinion of the court was delivered, Oct. 14th, by

BELL, J.—It is not to be disputed, at this time of day, that to

[Christy et al. *v.* Barnhart et al.]

withdraw a parol sale of lands from the blighting effects of the statute of frauds, there must be an open and absolute possession taken in pursuance of the contract, with *a view to the performance of it.* It is consequently a settled rule that a parol sale to a tenant in possession is within the statute, though his possession be afterwards continued, because there is no change of possession, in execution of the contract: Galbraith *v.* Galbraith, 5 *Watts* 146; Brawdy *v.* Brawdy, 7 *Barr* 16. This has been thought indispensible, and it certainly is so, notwithstanding the inferences the plaintiff in error seeks to draw from Lee *v.* Lee, 9 *Barr* 117. That case was decided under its peculiar circumstances; and although I did not unite with my brethren in ruling it, I am authorized to say it was not for a moment intended to draw into question a principle which lies at the very foundation of the equity invoked. Much less was it the object of the determination to assert that assessment of the land sold, in the name of the vendee, and payment of taxes by him, is equivalent to a change of possession. It proceeded principally on the ground of an exchange of property, followed by a corresponding possession and subsequent sale of one of the tracts exchanged, which put it out of the power of the plaintiff to reinstate the before existing relations of the parties. It was thought possession of one of the tracts, in conjunction with the assessment of the other in the name of the tenant's vendee, might be accepted as tantamount to an actual corresponding possession of both the tracts. Had there been no possession by the plaintiff, there would have been no pretence for the position, that the transaction was not within the statute. As it is, the case carried the exception as far as it can be urged with any degree of safety. A step further would abrogate the statute itself. The court below was consequently right in its direction to the jury on this point. What was said is in entire accordance with the facts proved, and harmonizes with the law springing from them. In respect to the fifty acres which originally belonged to the father, it is indisputable the son was in possession prior *to the* alleged gift, which possession was continued without visible change. As to the fifty acres purchased from McCall, the jury found the plaintiffs were entitled to one moiety of it, by way of resulting trust. Of the other moiety, they were correctly told, the plaintiffs could recover, unless there was an absolute gift of it, and possession taken in pursuane of the gift.

Judgment affirmed.