ALBERT T. PECKHAM v. HENRY BALCH, DELIA BALCH AND THOMAS B. WINTER.

*Statute of frauds—Verbal agreement to sell lands—Payment, possession and acts of ownership—Part performance—Specific performance—Fraud.*

A verbal agreement to convey land, being void under the statute of frauds, a bill against a wife to compel a conveyance, even though her husband made the agreement and received the consideration with her full knowledge and consent, cannot be maintained where there is no such part performance as will take the case out of the statute.

Payment of consideration for land sold under a verbal agreement will not always take the case out of the statute of frauds; nor will possession, where the purchaser, as a tenant in common, merely remains in possession. Acts done as an owner and in reliance upon ownership and for which damages will not be adequate compensation are also necessary to entitle a party to the enforcement of such an agreement.

A bill to compel a conveyance under a contract must set up the facts relied upon to show such part performance as will take the case out of the statute of frauds.

Where specific performance cannot be enforced against a person who has verbally agreed to convey lands, the case will not be aided by showing that the land has been fraudulently granted to a third person.

Appeal from Montcalm. Submitted June 20. Decided October 11.

BILL to compel conveyance. Defendant Winter appeals. Reversed. Bill dismissed.

*Ellsworth & Sapp* for complainant. Payment in full of purchase price will take a case out of the statute of frauds; *McMurtrie v. Bennette* Har. Ch. 124; *Maynard v. Brown* 41 Mich. 298; *Ryan v. Dox* 34 N. Y. 307; *Hawkins v. Hunt* 14 Ill. 42; Willard's Eq. Jur. 284; *Farwell v. Johnston* 34 Mich. 342; courts of equity will aid to defeat frauds, notwithstanding the statute of frauds (Brown Stat. Frauds § 438) and enforce contracts for the sale of lands when it is equitable to do so; *Smith v. Lawrence* 15 Mich. 499; *Weed v. Terry* 2 Doug. Mich. 352; a party purchasing of the vendor, knowing the circumstances, as in this case, can be compelled to convey; *Gregg v. Hamilton* 12 Kansas 333; when the answer to a bill for specific performance does not claim that the contract was void under the Statute of Frauds, it is not a case for the statute to be applied to: 1 Story's Eq. Jur. §§ 755, 756 and 757; *Walker v. Hill* 21 N. J. Eq. 191; *Livesey v. Livesey* 30 Ind. 398.

*William E. Hoyt* and *Mitchel, Bell & McGarry* for defendant Winter. The legal title to land cannot pass by parol under Comp. L. § 4692; *Hayes v. Livingston* 34 Mich. 384; *Ryder v. Flanders* 30 Mich. 336; *Gugins v. Van Gorder* 10 Mich. 523; *Whiting v. Butler* 29 Mich. 122; payment of the entire purchase price will not of itself justify a court of equity in enforcing a land contract: Browne Stat. Frauds § 461; *Cole v. Potts* 10 N. J. Eq. 67; Story's Eq. Jur. §§ 760, 761; specific performance proceeds on the theory of perfect agreement on every material matter: *Van Wert v. Chidester* 31 Mich. 207; *Craig v. Bradley* 26 Mich. 353; *Wright v. Wright* 31 Mich. 380; *Kinyon v. Young* 44 Mich. 341; and as a promise made by the husband cannot be enforced against the wife (*Boyd v. Vanderkemp* 1 Barb. Ch. 273) any tenant in common is entitled to possession; *Davis v. Filer* 40 Mich. 310; *Everts v. Beach* 31 Mich. 136; *Badger v. Holmes* 6

Gray 118; *Peck v. Carpenter* 7 Gray 283; *Brown v. Wellington* 106 Mass. 318; *Woolever v. Knapp* 18 Barb. 265.

Marston, J. Under the allegations of the bill and testimony in this case, the complainant could not compel a conveyance to him of the property in question by Mrs. Balch. Even if the agreement was made by her husband and the consideration received by him with her full knowledge and consent, as we are inclined to think, still the contract was void under the statute of frauds, and there was no such part performance as would take the case out of the statute. Payment of the consideration alone will not be sufficient in a case like the present, and the complainant being a tenant in common of the property, his continued possession would not be sufficient. It is not payment alone that will take a case out of the statute, but this with possession and acts done as owner in reliance thereon, that cannot ordinarily be compensated in damages, which entitles a party to an enforcement of a verbal agreement relating to the sale of lands.

There is still another serious difficulty with the present case. The bill does not set out the facts relied upon or necessary showing such a part performance as would take the case out of the statute. *Bomier v. Caldwell* 8 Mich. 463. The fraud of the defendant Winter in purchasing from Mrs. Balch, cannot make out an otherwise defective case for the complainant. If he could not have enforced specific performance as against Mrs. Balch, neither can he against her fraudulent grantee.

The decree must be reversed with costs and the bill dismissed.

The other Justices concurred.