HAINES v. McGLONE ET AL.

1. STATUTE OF FRAUDS: *Sale between tenants in common: Part performance.*

   The doctrine of part performance to take a parol contract for the sale of land out of the operation of the statute of frauds, does not apply to contracts between tenants in common for the sale of one tenant's interest to the other. Each tenant is already in possession, and one cannot assume exclusive possession under and in pursuance of the contract. Their contracts with each other must be in writing duly signed.

2. TENANTS IN COMMON: *Contracts: Equities.*

   Where one tenant in common by parol contract sells his moiety of the land to his co-tenant, and afterwards repudiates the contract and conveys his interest to another purchaser with notice of the facts, the latter cannot recover it in equity from the co-tenant purchaser except upon return to him of his purchase money and half of all taxes and cost of improvements paid by him, and interest from the time of their payment.

APPEAL from *Faulkner* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*E. A. Bolton* for appellant.

Haines was entitled to all the equities that Puckett was. *6 John. Ch., 403; 49 N. H., 444; 33 N. Y. (6 Tiff.), 658.*

The proof fails to show any agreement on the part of Puckett to sell to McGlone. There was no "meeting of minds" nor "consideration," two essentials to every con-

tract.  The findings of the Chancellor as to matters of fact, will be reversed unless sustained by the evidence. (*41 Ark., 292; 42 Ib., 249; 13 Ib., 350; 15 Ib., 209; 23 Ib., 341.*)  The matter was merely talked over, and no perfect agreement ever entered into.  *1 Story Eq. Jur., sec. 222, p. 253, 6th ed.*

The only consideration attempted to be shown was that McGlone paid for Puckett's interest in the land by selling him the house.  But the house belonged to Puckett notwithstanding the joint ownership of the land.  (*33 Ark., 376.*)  He bought the lumber and paid the hands for building it.

But if the *parol* agreement claimed was made, it was within the statute of frauds and void.  Courts of equity decree specific performance of parol agreements for the sale of the land, on the ground that it would be a fraud upon the party if the agreement be not enforced. (*6 Rand., 605; 1 Har., 421, 430, 532, 540; 1 Baily Eq., 118; 6 Barb., S. C., 99; 21 Mo., 331; 14 Ga., 683; 20 Mo., 81; 1 Ark., 391; 32 Ark., 478.*)  But there could be no fraud upon McGlone, for he never paid Puckett anything for the land; nor did he improve or expend money on the land, so that he could not be remunerated.  It must be shown that McGlone is in *actual possession* of the land, and that he took *that possession in pursuance of and in execution of this particular agreement.  9 Watts, 106; 6 Watts, 464; 9 N. H., 386; 1 Watts & S., 383; 3 Md. Ch., 119; 14 Ill., 42; 9 Mo., 769; 23 Ib., 423; 23 Ala., 649; 3 Penn., 364, 332; 22 Gratt., 374; 1 John. Ch., 131; 3 Rand., 238, 247, 277; 7 Harris, 461; 2 Casey, 375; 39 Ark., 424; Lester v. Faxcroft, Leading Cases in Equity, vol. 1, pt. 2, and notes.*

*J. H. Harrod* for appellees.

Reviews the evidence in detail, and contends that it

shows both an agreement executed and a valuable consideration.

The parol agreement was *certain* and *definite;* the part performance *resulted from* and *was in pursuance of* the agreement, and the agreement was so far executed that a refusal of full execution would operate as a fraud on McGlone. All the requisites are found to take the case out of the statute of frauds. (*22 Gratt., 374.*) It was not necessary that McGlone should live on the land. Clearing and cultivation, building houses, etc., constitute possession; paying the purchase money and taking possession under a parol agreement entitles the vendee to specific performance. *21 Ark., 137; 42 Ark., 246.*

The decision of cases like this rests to a certain extent in the sound discretion of the Chancellor (*34 Ark., 663*), and if there is merely a doubt, or a preponderance of testimony one way or the other, this court will sustain the findings of the Chancellor. *24 Ark., 431.*

Haines had notice of the entire matter between Puckett and McGlone, and he must come into court with clean hands. The circumstances tend to show that he is attempting to perpetrate a fraud. *33 Ark., 294.*

This court will always sustain the findings of the Chancellor, unless the preponderance of testimony is clearly and decidedly against them. *42 Ark., 521.*


SMITH, J. In the year 1878 McGlone and his son-in-law Puckett bought eighty acres of land for $300, payable one-fourth in cash and the remainder in three equal annual installments. McGlone advanced the money for the cash payment, and the two made their joint promissory notes for the deferred payments. They received a bond conditioned that the legal title should be conveyed to them when the notes were paid, took possession of the land, and built

a small house upon it, which was intended for Puckett's residence. Puckett bought the lumber and hired the carpenters; McGlone furnished the team to haul the lumber to the land, worked himself in getting out boards for the roof, boarded the carpenters and supplied the means to pay them off. When the first of the purchase notes fell due, Puckett paid $65 and McGlone the residue. After this and before any further payments had been made, domestic trouble arose between Puckett and his wife, which resulted in their final separation. And it was agreed between Puckett and McGlone that the latter should complete the payment of the land and take a conveyance of the whole to himself, while the former should have the privilege of removing and selling the house, which it was supposed would reimburse him for his outlay in the purchase of the premises. This agreement was intended to be, but never was in fact reduced to writing. Puckett removed the house and sold it to the appellant, Haines, for $75. McGlone assumed entire control over the land, paid off the purchase debt, took the title in his own name, made improvements of the value of $125, and has paid the taxes ever since. Puckett afterwards, for twenty dollars, quitclaimed his interest in the land to Haines, who filed the present bill, the object of which is to declare McGlone a trustee, holding the legal title as to one half of the land in trust for him. But the Circuit Court, after a hearing upon the proofs, dismissed the bill.

1. STATUTE OF FRAUDS: Tenants in common. Part performance. The chief difficulty springs out of the relation of the parties. By the purchase under the bond for title McGlone and Puckett became tenants in common of an equitable estate. If they had been strangers the case would have been taken out of the operation of the statute of frauds by the doctrine of part performance. *Kellums v. Richardson, 21 Ark., 137; Pledger v. Garrison, 42 Ib., 246.*

But possession, to have this effect, must be exclusive, evincing the birth of a new estate, as distinguished from the continuation of an old one; and must not be referable to an antecedent right.

Now the possession of one tenant in common is the possession of all; and an entry by one has no tendency to substantiate a sale to him by the others. McGlone, having already possession in common with Puckett, could not assume exclusive possession under and in pursuance of the contract. This is only another mode of saying that one tenant in common of land cannot make a valid sale by parol to his co-tenant. Their contracts with each other must be manifested by a writing duly signed. (*1 Leading Cases in Equity, 4th Am. ed., 1049; American notes to case of Lester v. Foxcraft; Pomeroy on Specific Performance of Contracts, sec. 121; Workman v. Guthrie, 29 Pa. St., 495.*) Consequently the evidence fails to show that the interest of Puckett was divested.

But Haines, who purchased that interest with full notice of the situation of matters, can have no relief only upon terms. He must restore the consideration received by Puckett—that is, one-half of the value of the house which was removed from the land and which belonged to McGlone as much as it did to Puckett; he must pay Puckett's due proportion of the original purchase debt; he must refund one-half of the taxes paid by McGlone on the land, and he must pay one-half the value of all improvements made by McGlone. Upon the payment into court within a reasonable time, to be fixed by the court below, of these several sums, with lawful interest from the time the same should have been paid, let a decree be entered for the plaintiff. In case he elects not to pay let his bill be dismissed.

2. TENANTS IN COMMON: Contracts: Equities.

Decree reversed, and cause remanded for further proceedings.