Argued 15 February, decided 17 April, rehearing denied 22 May, 1905.

**ROBERTS v. TEMPLETON.**

80 Pac. 481; 3 L. R. A. (N. S.) 790.* ·

STATUTE OF FRAUDS—CHANGE OF POSSESSION BY COTENANT AS PART
PERFORMANCE OF ORAL CONTRACT.

Where a cotenant with a part owner of real property claims specific
performance of an oral contract of purchase with another owner the
proof must be clear that possession was taken under the oral agreement
to constitute such a part performance as to avoid the statute of frauds.

For instance: Where plaintiff, up to the time of his oral purchase of
the interest of a tenant in common in a mine, was in possession under a
contract with a cotenant of the vendor, so that his prior possession merged
into that under his purchase, there was not such a change of possession
under the contract as to take it out of the statute of frauds.

From Lane: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by W. M. Roberts against the administrator and
heirs of S. R. Templeton, deceased, to enforce the specific per-
formance of an oral contract to convey an undivided share of
real property. The complaint states that on June 28, 1902, S. R.
Templeton was the owner and in the possession of an interest
in the following quartz mining claims in Lane County, to wit,
the undivided one fourth of the Excelsior, the Royal Ann, and
the IXL, and also the undivided one fifth of the Tough Nut, in
the Calapooia and Blue River Mining District, which on that
day, in consideration of $100, evidenced by a check for that
sum, he agreed to convey by a good and sufficient deed to plain-
tiff, who then, with his consent, took, and ever since has retained,
the exclusive possession thereof, and expended a large sum of
money in developing the claims; that Templeton failed to exe-
cute the deed, and died intestate August 8, 1902, leaving the
defendants as his heirs, who, upon a request therefor, refused
to convey such interests to plaintiff, who has no adequate remedy
at law for the irreparable injury he has sustained. The answer
denies the material allegations of the complaint, and for a fur-
ther defense avers that at the time the pretended agreement was
consummated Templeton was seriously ill, and in consequence
thereof his mind was so weak as to render him incompetent to

* See this case in 3 L. R. A. (N. S.) 790, 817, for a long note on Taking
Possession of Real Property as Part Performance to Satisfy the Statute of
Frauds.                                              REPORTER.

make a valid contract, which fact plaintiff then well knew, but, taking advantage thereof, induced him to enter into the simulated agreement; that on June 5, 1902, plaintiff, in pursuance of an agreement entered into with the owners of the mining claims, took possession thereof, and began to prospect them with a view of erecting a quartz mill thereon if he found gold in paying quantities; that the work he performed was done without compensation and in accordance with the terms of his agreement to develop the mines; that the check delivered to Templeton has never been presented for payment, and is deposited with the clerk for plaintiff. The reply put in issue the allegations of new matter in the answer, and, a trial being had, the suit was dismissed, and plaintiff appeals.            AFFIRMED.

For appellant there was a brief over the names of *N. M. Newport* and *B. S. Martin,* with an oral argument by *Mr. Newport.*

For respondents there was a brief over the names of *Woodcock & Harris* and *Amor A. Tussing,* with an oral argument by *Mr. Lawrence T. Harris* and *Mr. Tussing.*

MR. JUSTICE MOORE delivered the opinion of the court.

The trial court found that, though S. R. Templeton was ill when the oral agreement was entered into, he was' nevertheless competent to make a valid contract, and in this conclusion we fully concur, without setting out any of the testimony in support thereof.

The only evidence offered tending to show the value of the interests in the mining claims, which the answer admits the deceased owned when the contract in question was entered into, was a copy of the inventory of his estate, showing an appraisement of such interests in the sum of $250. The defendants' counsel did not call the appraisers as witnesses to prove their qualifications to express an opinion as to the value of such interests. Their estimate of the worth of the property as evidenced by the inventory cannot be much more competent than that of the county assessor, as noted in the assessment roll indicating his opinion thereof. If the undivided interests claimed by defendants as heirs were worth more than $100, the sum agreed to be paid therefor, witnesses undoubtedly would have been

secured who would have so testified, but, in the absence of such testimony, we are satisfied that an adequate consideration was offered and accepted for the real property intended to be conveyed.

These preliminary questions having been settled in plaintiff's favor, the important question to be considered is whether or not his possession of the mining claims constituted such a part performance of the terms of the agreement as to take the case out of the statute of frauds. The weight of authority supports the doctrine that an oral contract to convey real property, entered into between cotenants, whereby the purchaser takes possession of the interest of his vendor in the premises, will not be specifically enforced in equity: Pomeroy, Spec. Perf. § 121; *Haines* v. *McGlone,* 44 Ark. 79; *Peckham* v. *Balch,* 49 Mich. 179 (13 N. W. 506) ; *Workman* v. *Guthrie,* 29 Pa. 495 (72 Am. Dec. 654) ; *Galbreath* v. *Galbreath,* 5 Watts, 146. The reason for this rule lies in the fact that possession of real property under an oral contract for its purchase must be exclusive to operate as a bar to the statute (*Hart* v. *Carroll,* 85 Pa. 508), and as the possession by a tenant in common is presumed to be in favor and for the benefit of his cotenants (*Morrill* v. *Morrill,* 20 Or. 96, 25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95), it follows that one cannot, by purchase, secure the interests of the others except by a writing evidencing a transfer of the title. It has been held, however, that where a cotenant owning a moiety of land receives from his cotenant the exclusive possession of the premises under an oral contract of purchase the specific performance of the agreement will be decreed: *Peck* v. *Williams,* 113 Ind. 256 (15 N. E. 270) ; *Littlefield* v. *Littlefield,* 51 Wis. 25 (7 N. W. 773). The cases to which attention has been called relate to the possession of real property taken by a cotenant in pursuance of an oral agreement to purchase the premises.

If, however, it be assumed that a stranger to the title can by such a contract take possession of an undivided interest in land, and enforce a specific performance of the oral agreement, we do not think plaintiff can exercise that right. The testimony shows that one A. C. Hausman, who was a tenant in common

with S. R. Templeton and others in the mining claims, entered into a contract with plaintiff whereby the latter was, without any payment to be made therefor, to prospect the mines for gold, and, if he discovered any, he had the privilege of erecting a stamp mill for the reduction of the ore to be extracted, and on the completion of the building furnished with suitable machinery he was to receive a deed conveying to him an undivided one half of the mining claims. In pursuance of this agreement, he, on June 6, 1902, began extending a tunnel into the IXL mine that had been commenced by the owners, and was working thereat June 29th of that year, when he entered into the contract with Templeton for the purchase of his interests in the mining claims. As a witness in his own behalf, plaintiff testified that he worked at the mine until Templeton became ill, when he sent word to Hausman that he would not do any more prospecting under the terms of their agreement, and that thereafter, having purchased Templeton's interests, he immediately took possession thereof, and began to develop the mines as the owner of such interests, extending the tunnel 30 feet and making a cross-cut in the mine of nine feet. On cross-examination defendants' counsel, referring to the contract entered into with Hausman, propounded the following question to plaintiff: "How long did you work under that agreement?" to which he replied, "Until I bought Mr. Templeton's interest." It further appears from the testimony that two days prior to plaintiff's purchase he sent a notice to Hausman of his intention to abandon the terms of their agreement. No evidence was offered tending to show that Hausman received such notice, and the fact that plaintiff continued developing the mine until he made the agreement with Templeton tends to show that he never surrendered his right of possession under the original contract with Hausman. To entitle a party to a specific performance of an oral contract to convey real property it must affirmatively appear that the possession was taken in pursuance of and under the agreement alleged in the complaint: *Brown* v. *Lord,* 7 Or. 302; *Sutton* v. *Myrick,* 39 Ark. 424. It will be remembered that plaintiff was in possession of the mining claims under the Hausman contract, and

that such possession was never relinquished, but merged into that assumed under the Templeton agreement. There was, therefore, not such a change of possession as to impart notice of plaintiff's right under the oral contract, and for this reason the decree is affirmed.                                    AFFIRMED. .