Argued December 17, 1919, affirmed January 27, 1920.

## MILLER v. BINSHADLER.

(186 Pac. 545.)

**Frauds, Statute of—Lessee may not Claim Possession to be Under Oral Contract to Purchase.**

1. One who entered a parcel of land under a contract for a deed and at the same time received a written option to purchase a near-by tract, the option being a separate writing, and entered the second tract under a verbal lease the first year, giving the grantor one third of the crops, and under written leases for subsequent years, he cannot maintain that the contract for deed, and the written option constituted but one transaction, for the purpose of conveying to him the combined tracts at an agreed consideration, and that he was in possession of the second tract under an oral contract to purchase.

From Benton: GEORGE F. SKIPWORTH, Judge.

Department 2.

The plaintiffs were the owners of two tracts of land on an island in the Willamette River, on the Benton

County side, in the State of Oregon; one of 31 acres, upon which there were certain buildings, and the other of 24.1 acres. On March 23, 1912, after a personal inspection of the premises by the defendant William Binshadler, the plaintiffs entered into a contract with him for the sale of the 31-acre tract, by which they agreed to sell and that defendant covenanted to purchase and pay for the property at the stipulated price of $2,695, of which $25 was paid down and $775 was paid on April 24, 1912, after the abstract was furnished and the title was approved by a local attorney. It appears that $495 was the purchase price of certain personal property then on the premises and that the amount to be paid for the land was $2,200, of which $300 was "to be paid on or before each and every year" thereafter for four consecutive years, and $695 to be paid on or before five years from date; and that each payment was to draw interest at 6 per cent per annum from the date of the agreement. It was further covenanted that William Binshadler should pay all taxes which had been assessed thereon since January 1, 1912, and all future taxes levied thereon, and should keep the buildings, fences and improvements in as good condition and repair as they were at the time the contract was executed.

The plaintiffs agreed that on the payment of the stipulated price with accrued interest "at the time and in the manner above specified" they would on demand execute and deliver to William Binshadler "a good and sufficient deed in fee simple, free of all legal encumbrances except taxes." For any failure to make such payments as they matured or to meet the taxes before they should become delinquent the agreement was to be considered void, all payments thereon forfeited and possession of the premises surrendered, or the plain-

tiffs might ''elect to declare the whole of such purchase price due and proceed at once by foreclosure or otherwise to collect the same.'' Under this contract William Binshadler took and was to have possession of the premises so long as he complied with the terms of the agreement, which was duly witnessed and acknowledged.

Concurrent with the execution of that instrument the plaintiffs gave the defendant William Binshadler a written option to purchase the 24.1 acre tract at any time up to September 1, 1913, at the stipulated price of $100 per acre, upon receipt of which ''within the life of this option,'' they covenanted to give him ''a good and sufficient deed and an abstract of title to same.'' The two tracts adjoined. The smaller was nearly all in cultivation and was more productive than the 31 acres. The defendants took possession of the 24 acres under a verbal lease for the first year. On March 22, 1913, Theodore Miller executed to the defendants a written lease of the 24.1 acre tract for the period of one year at a cash rental of $100, to be paid on or before November 1, 1913, by which the defendants further agreed upon certain terms and provisions therein specified in regard to the manner of farming the land. Separate written leases with similar conditions were executed yearly thereafter at an agreed rental of $100, to March 16, 1917, when the rental was raised to $125. All of the stipulated yearly rental was paid at or about its maturity. Including the initial payment of the $800 mentioned, made at the inception of the contract, the defendants have paid thereon the sum of $1,813.73. Of this amount $200 was paid on April 17, 1918, after which there was then due and owing on the purchase price of the 31 acres $767.28, with interest at the rate of six per cent per annum.

The plaintiffs brought this suit to foreclose on that contract, asking for a decree against William Binshadler for the amount then due; and that if it should not be paid within thirty days from the entry of the decree that tract should be sold and the proceeds applied to the satisfaction of the plaintiffs' claim.

To bar her dower right, the defendant Theda Binshadler was made a party. For answer the defendants admitted the execution of the land sale contract for the 31-acre tract and the option to purchase the 24-acre farm, copies of which instruments were attached to and made a part of their pleading. They affirmatively allege "that both of said contracts constituted one transaction, made at the same time," for the purpose of conveying to these defendants the combined tracts at an agreed consideration of $4,600; that false representations were made at the inception of the negotiations and that there were defects in the title, by reason of which the plaintiffs could not make the conveyance; that on September 21, 1913, the defendant tendered to the plaintiffs the amount of the purchase price, which was refused, and the plaintiffs failed to execute a deed; that they had paid the plaintiffs from time to time $2,695, the full amount of the purchase price of the 31-acre tract, and that they are able, ready and willing to pay the amount asked for the other acreage when the title thereto is perfected and they receive a deed therefor. They in turn pray for a decree that the full purchase price of the 31 acres has been paid; that plaintiffs be compelled to make a good and sufficient deed of the 24 acres on payment to them of $2,400 by the defendants; and that if plaintiffs refuse to accept the payment and execute such deed, the money be paid into court and that a decree be rendered in lieu of such conveyance. The reply denied all

the material allegations of the further and separate answer.

After the testimony was taken the court rendered a decree as prayed for in the complaint, from which the defendants appeal. AFFIRMED.

For appellants there was a brief over the name of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. James K. Weatherford.*

For respondents there was a brief and an oral argument by *Mr. H. E. Slattery.*

JOHNS, J.—The Circuit Court found that on April 17, 1916, there was yet due and unpaid on the land sale contract for the 31 acres, $726.31, and that finding is sustained by the evidence. There is no competent evidence tending to show that the contract for the sale of the 31 acres and the option on the 24-acre tract should be deemed and treated as one contract for the purchase and sale of the combined properties. Those transactions were evidenced by separate written instruments. The purchase price of the 31-acre tract was $2,200, and the option price for the other tract was $2,400. At the time the contract of sale was executed there was a payment of $800, and the instrument provided for the payment annually of $300 for four consecutive years and $659 to be paid within five years, each installment to draw interest from date. By its terms, William Binshadler covenanted to pay $2,200 for the 31 acres. Any payment on the 24-acre tract was at his option and entirely within his discretion. He did not agree to make any payment whatever on that property. Miller could enforce payment against Binshadler for the purchase price of the 31 acres, but could not insist

upon payment for the 24 acres, because there was no agreement to pay, and no mutual obligation. From the nature of things, the two instruments could not be construed as one.

Again, for the first year the defendants took a verbal lease of the 24-acre farm for a crop rental of one third, and for the following years they had a written lease with an agreed cash rental. All payments on the purchase price were made on the 31-acre tract and nothing was paid on the 24 acres except the amount of the stipulated rental. Although it is true that the defendants have had possession of the latter realty, yet such holding was under the terms and conditions of the yearly leases and not by virtue of any contract of sale or purchase, either oral or written. The land sale contract expressly provided that they should have possession of the 31-acre tract so long as they complied with its terms. There is no such provision in the option on the other property.

In *Roberts* v. *Templeton,* 48 Or. 65 (80 Pac. 481, 3 L. R. A. (N. S.) 790, at page 810, of the notes in the last publication), numerous authorities are cited to the effect that a tenant in possession under a lease cannot claim, for the purpose of defeating the statute of frauds, that he is in possession under an oral contract to purchase. The rule is well stated in *Cole* v. *Potts,* 10 N. J. Eq. 67, where the court said:

"If a party relied on possession as part performance, he must show that he enjoyed that possession under the contract. If he had come in as a tenant, he must show by unequivocal proof that the tenancy had been abandoned, and that his possession as a tenant had been changed into that of a vendee under the specific contract he was seeking to enforce."

In this case the vendee held as tenant, and failed to show a change of possession.

The defendants' claim of a right to purchase the 24 acres after the expiration of the option on September 1, 1913, is founded upon oral testimony only, and even that is indefinite and uncertain. There is no testimony tending to show that the defendants were ever in possession of the 24-acre tract under a contract to purchase. Their holding of that land was as tenants only.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.