HARRIS *v.* HARRIS.

5-824                                                          285 S. W. 2d 513

Opinion delivered January 9, 1956.

*Bailey, Warren & Bullion,* for appellant.

*John L. Hughes,* for appellee.

GEORGE ROSE SMITH, J.  By this suit the appellant, Tom Harris, who has record title to an undivided seven-eighths interest in the forty-acre tract in controversy, seeks to quiet his title to the whole as against his brother John, the appellee, who is the apparent owner of the other one-eighth interest. The chancellor rejected Tom's claim of complete ownership and granted John's request for partition, the decree correctly directing that John's share be allotted to him from the unimproved portion of the property.

These litigants and the other six children of R. P. Harris inherited this tract, then unimproved, from their father. In 1933 Tom obtained from his seven brothers and sisters a written contract by which he agreed to purchase their interest in the land for $140, the money to be paid a year later. Tom immediately took possession of the land, built a house and other improvements thereon, and has lived on the property ever since. In 1937 the other six children executed a deed to Tom, but John refused to join in the conveyance and told Tom that he was claiming his interest as an heir.

In the trial court the appellant seems to have contended that he had acquired John's one-eighth interest by adverse possession. The proof does not support this contention. In order for the possession of a tenant in common to be adverse to his cotenant knowledge of the hostile claim must be brought home to the cotenant, either directly or by acts so notorious that notice may be presumed. *Smith* v. *Kappler*, 220 Ark. 10, 245 S. W. 2d 809. Here it is doubtful if Tom intended to hold adversely to John, but even if he did the evidence falls short of showing that the required notice of a hostile claim was ever brought home to John.

In this court the appellant has abandoned his assertion of adverse possession and insists instead that the chancellor should have granted specific performance of the contract that John signed in 1933. Assuming that the record permits this question to be raised by the appellant, we find the contention to be without merit.

It is argued in the brief that Tom paid John his share of the purchase money, but the weight of the evidence is to the contrary. Tom did not testify that the money was ever paid to John; he merely says in substance that he was willing to offset the purchase money against a debt which he testified was owed to him by his brother. But John says that the debt had already been paid and that his reason for not signing the deed was Tom's failure to make payment. In our opinion John's point-blank refusal to execute the deed persuasively corroborates his version of the transaction.

In these circumstances the appellant has been guilty of laches in delaying the assertion of his claim for some seventeen years. He relies strongly upon cases like *Hargis* v. *Edrington,* 113 Ark. 433, 168 S. W. 1095, where it was said that "a vendee in possession is not barred from suing for specific performance by delay for any period in bringing his action, his possession being the continuous assertion of his claim. He may rest in security until his title or right of possession is attacked." In the cases cited, however, the vendee's only claim to the land lay in his contract of purchase; his possession was therefore unequivocally referable to that contract.

Here the situation is different. Inasmuch as Tom has been through the years a tenant in common owning a seven-eighths interest in the land his possession cannot be attributed solely to his executory agreement to buy John's one-eighth. More nearly in point than the cases cited by the appellant is the holding in *Haines* v. *McGlone,* 44 Ark. 79, where a tenant in common relied upon his possession as part performance of an oral contract for the purchase of his cotenant's interest. We held that since the possession could not be referred exclusively to the contract it failed to satisfy the statute of frauds. For the same reason Tom's possession, already rightful, cannot be regarded as such an assertion of his rights under the contract as to absolve him from the charge of laches. It was incumbent upon Tom to assert his claim promptly when his brother unqualifiedly refused to honor the agreement in 1937.

Affirmed.