Decided 19 November, 1900.

## BARRETT *v.* SCHLEICH.

[62 Pac. 792.]

| 37 | 613 |
|----|-----|
| 40 | 40 |
| 40 | 41 |
| 37 | 613 |
| 43 | 493 |
| 37 | 613 |
| 45 | 506 |
| 37 | 613 |
| 48 | 218 |

SPECIFIC PERFORMANCE OF PAROL CONTRACT—ORDER OF PROOF.

1. Under Hill's Ann. Laws, § 830, declaring that the order of proof shall be in the discretion of the court, in a suit for the specific performance of a parol contract to convey land, executed on complainant's part, the admission of evidence of the agreement before proof of complainant's performance was not error.

SPECIFIC PERFORMANCE—ALLEGATION OF PART PERFORMANCE.

2. In a suit for specific performance of a contract to convey land, a complaint alleging that defendant agreed with complainant that if she would put improvements on a part of his farm and reside there, he would convey such portion to her, and that in pursuance of such agreement she caused improvements to be made on the portion surrendered, is sufficient after decree, as it may then fairly be inferred that she went into possession under the agreement.

CONTRACT TO CONVEY—PART PERFORMANCE.

3. The amount of performance necessary to justify the enforcement of an oral contract to convey land must depend upon the condition and ability of the party claiming a specific enforcement, and in this case the part performance was sufficient.

CONSTRUCTION OF CONTRACT TO CONVEY.

4. Where the complaint in a suit for the specific performance of an oral contract to convey land alleged that complainant, in consideration of defendant's agreement to convey, agreed to reside on the land, to build a house and fences, and to cultivate the land, and no motion was made in the trial court to require the complainant to specify more definitely as to the term of residence and the character and extent of the improvements required by the agreement, failure to require such specific allegations authorized the court to construe the character of the improvements and the length of time as qualified by the word "reasonable," and, the evidence showing a reasonable compliance, a decree for complainant will not be disturbed.

From Washington : THOS. A. McBRIDE, Judge.

This is a suit by Mary Ann Barrett against John Schleich and others to enforce the specific performance of a parol agreement to convey real property. It is substantially alleged in the complaint that Peter Barrett is

NOTE.—See monograph in 68 Am. St. Rep. 753 on When Specific Performance of a Contract will not be Decreed Owing to the Court's Inability to Enforce its Decree.

As to Specific Performance of Contracts Regarding Personal Property, see 70 Am. St. Rep. p. 643; 12 L. R. A. 776.

For a collection of cases in which defendant was unable to specifically perform, see 16 L. R. A. 614.

plaintiff's husband; that the defendants John and Johanna Schleich are husband and wife, and the parents of the defendants Edward J. and Catherine Schleich, and that plaintiff is a daughter of 'Johanna and a stepdaughter of John Schleich; that on April 10, 1893, said John Schleich, being the owner and in possession of a farm in Washington County, Oregon (particularly describing it), containing one hundred acres, more or less, entered into an agreement with the plaintiff whereby it was stipulated that if she and her husband, who were then living in Portland, Oregon, would reside upon said farm, he would convey to her, by a good and sufficient deed, twenty acres thereof, to be thereafter selected and surveyed, upon the further consideration that she and her husband should build a house and fences upon and improve and cultivate said tract, in pursuance of which agreement they on or about that date moved upon said farm, and have ever since resided thereon; that about September 1, 1894, it having been agreed by the parties that said twenty-acre tract should be definitely selected and conveyed, the plaintiff caused it to be surveyed, and the boundaries thereof, which are particularly stated, were agreed to by said John Schleich, who on October 1, 1894, surrendered the possession of the premises so surveyed to the plaintiff, who ever since has resided on and been in possession thereof; that pursuant to said agreement plaintiff caused a part of said twenty-acre tract to be cleared, erected a house and a barn and built a fence thereon, and made other improvements at a cost to her of $450; that John Schleich, though often requested, has refused to execute to plaintiff a deed of said tract, and on November 20, 1896, with intent to defraud her, and without any consideration therefor, he and his wife executed to their said children a deed for said farm, including said twenty-acre tract, which deed has been duly recorded in said county; that said

Edward J. and Catherine Schleich, at the time their deed
was executed, knew that their father had agreed to convey
said tract to plaintiff, that it had been surveyed and the
boundaries thereof established, and that plaintiff was in
possession of the premises and had made the improve-
ments thereon, notwithstanding which they claim to be
the owners thereof. The defendants, having denied the
material averments of the complaint, allege, in effect,
that about April 10, 1893, the plaintiff and her husband,
without any agreement in relation thereto, moved upon
the farm of John Schleich, who, by reason of their rela-
tionship, permitted them to reside thereon; that, plain-
tiff's husband having expressed a desire to improve said
land by erecting a house thereon in which his family could
live separate from that of John Schleich, the latter ad-
vanced to him the sum of $150 for that purpose, where-
upon plaintiff and her husband erected a small house and
stable, the cost of which did not exceed $10, cleared a part
of the land at a cost of not more than $24, and built a
temporary fence, which is of no value; that ever since
the plaintiff and her husband moved upon said premises
John Schleich has plowed and cultivated the same, per-
mitted them to take the crops grown thereon, and has
furnished a portion of the food eaten and of the clothing
worn by the plaintiff and her family; and that her pos-
session of the land is a cloud upon the title thereto, which
they pray may be removed. The reply having put in
issue the allegations of new matter in the answer, a trial
was had, resulting in a decree as prayed for by plaintiff,
and defendants appeal.                          AFFIRMED.

For appellants there was a brief over the names of
*Samuel B. Huston,* and *Cake & Cake,* with an oral argu-
ment by *Mr. Huston.*

For respondent there was a brief over the names of *A. D. Miller, Robert F. Bell* and *John W. Whalley*, with an oral argument by *Mr. Bell.*

MR. JUSTICE MOORE; after stating the facts, delivered the opinion of the court.

1. It is insisted by defendant's counsel that the court erred in admitting, over their objection and exception, testimony tending to prove the alleged parol contract, before any evidence was offered of the part performance thereof relied upon by the plaintiff to take the case out of the statute of frauds. The point contended for is maintained by Mr. Pomeroy in his valuable work on Contracts (section 107), where, in commenting upon the manner of proving the acts of part performance and the terms of the oral agreement in the order stated, the learned author says : "And this is not a mere question of the order of proofs. It involves the very principle of the jurisdiction." Our statute, as far as applicable herein, provides that no estate in real property can be transferred otherwise than by a conveyance or other instrument in writing, subscribed by the party transferring the same, and executed with such formalities as are required by law : Hill's Ann. Laws, § 781. Evidence, therefore, of an oral agreement to convey real property, is ineffectual to transfer any estate therein. Where, however, the owner of real property has permitted a purchaser thereof, under a parol contract, to treat the agreement as binding, and, acting upon the faith thereof, to take possession of the premises, and to perform in part the terms to which the parties assented, a court of equity, in a suit instituted for that purpose, can, notwithstanding the statute of frauds, specifically enforce the agreement in respect to its terms and subject-matter as if it were in writing, if it satisfactorily appears that the agreement sought to be enforced is fair

and just, mutual in its character, and certain in its terms :
*Odell* v. *Morin*, 5 Or. 96 ; *Whiteaker* v. *Vanschoiack*, 5 Or.
113 ; *Brown* v. *Lord*, 7 Or. 302 ; *Wagonblast* v. *Whitney*, 12
Or. 83 (6 Pac. 399); *Cooper* v. *Thomason*, 30 Or. 161 (45
Pac. 296). The parol agreement to convey real property
is the foundation, and the part performance thereof by
the purchaser is the superstructure, which, considered as
a unity, authorizes a court of equity specifically to enforce
the contract ; and it seems to us that, under our statute
respecting the order of proof, it is discretionary with the
court as to which of the two important facts shall be first
proven : Hill's Ann. Laws, § 830. It is argued by de-
fendant's counsel that the right of the court to regulate
the order of proof relates to the reception of competent
evidence only, and not to a right to admit incompetent
testimony. If it be conceded that the point insisted upon
be true, the legal principle thus involved can have no
application to the case at bar ; for it is admitted that evi-
dence of the oral agreement would be admissible after
proof of the acts of part performance had been made.

2. It is insisted that the complaint does not allege
that the plaintiff went into possession of the twenty-acre
tract in pursuance of the oral agreement, and hence it
does not state facts sufficient to constitute a cause of suit.
It alleges that in pursuance of the agreement she moved
upon Schleich's farm ; that, the land which he promised
to give her having been surveyed, he surrendered to her
the possession thereof, and that in pursuance of said
agreement she caused a part thereof to be cleared, and
erected a house and a barn and built a fence thereon ;
but she does not aver in positive terms that she took
possession of said land under the agreement. When no
relation of affinity or consanguinity exists between the
vendor and vendee, possession of land under a parol
agreement, with the consent of the vendor, is a suffi-

cient part performance to take the case out of the statute of frauds, even without the payment of a consideration or the making of improvements : Pomeroy, Spec. Perf. § 115. But, where the parties are related, possession alone is insufficient for that purpose, and the making of valuable improvements by the donee in possession is essential to establish his right to enforce the specific performance of a parol gift of land : Pomeroy, Spec. Perf. § 130. The reason for this distinction undoubtedly is that the owner of real property owes no duty to a stranger, who, having secured possession of land with his consent, the occupancy thereof raises a presumption that the parties have entered into some agreement respecting an estate in the premises. When, however, the owner permits a person to whom he owes a duty to take possession of his real property, the relation existing between them creates a presumption that the possession is in pursuance of some license, and not in consequence of any agreement to convey the premises. In the case of a stranger, the possession of real property with the owner's consent being regarded as a sufficient part performance to take the case out of the statute, it is necessary to allege in the complaint and to prove at the trial that such possession was taken and held under or in pursuance of the parol agreement relied upon. In the case of a person to whom the owner owes a duty, valuable and permanent improvements made to or placed upon the premises with the owner's consent are necessary to take the case out of the statute ; and, as no improvements can be made except by a party in possession, it would seem necessary only to allege and prove that the improvements were made in pursuance of the parol agreement to convey the premises. Mr. Pomeroy, in his work on Contracts (section 124), in elucidating the principle that possession must be in pursuance of the contract, and with a view to carry

it into execution, says : "This rule has its most frequent application to cases in which the possession is not a new fact, but is the uninterrupted continuation of a former condition.   It results as a necessary corollary from the rule itself that such a possession (one, that is, which merely prolongs a pre-existing situation of the party in reference to the land) can not alone be a part performance of an intervening contract, since it will be accounted for by the prior condition as naturally as by the new agreement."   The plaintiff having alleged that Schleich surrendered to her the possession of the land after it was surveyed, which was subsequent to the making of the parol contract, and that in pursuance of such agreement she made the improvements upon the premises, we think it fairly inferable from the complaint that her moving to and residing upon his farm, the survey of the land, her possession thereof, and the improvements made thereto, were all under and in pursuance of the parol agreement. No demurrer to the complaint was interposed, and the cause having been tried upon the theory that plaintiff alleged a continuous performance of a series of acts in pursuance of the oral agreement, and notwithstanding the complaint may be defective in the particulars specified, we think it is sufficient to support the decree.

3.   It is contended that the improvements made upon the premises are too slight and temporary to raise an equity in behalf of the donee to have the gift enforced. The evidence shows that the house and barn are not very valuable, but they protect the plaintiff and her family from the inclemency of the weather, affording them a home and a shelter for their stock.   They have cleared the timber and brush and grubbed up the stumps and roots from about ten acres of the land in question, and have made all the improvements which their very limited

means would permit; and because they are poor is no reason why a court of equity should deny the relief to which they are entitled.

4. It is insisted that, in order to give a decree for plaintiff, it will be necessary to ignore the allegations of the complaint, to disregard the testimony introduced by the plaintiff, and to find that the defendants agreed to give the deed for the land on or before March 25, 1897—the date when the suit was instituted. It is alleged in the complaint, in substance, that the plaintiff and her husband, in consideration of Schleich's agreement to convey to her the twenty acres of land, agreed to reside upon his farm, to build a house and fences upon the land which they were to receive, and to improve and cultivate the same. It will be observed that the length of the term in which the plaintiff and her husband were required to reside upon Schleich's farm is not stated, that the kind of a house and fences is not specified, and that the character of the improvements to be placed upon, and the extent of the cultivation of, said land are not designated. No motion was made in the court below to require the plaintiff to specify with greater particularity the terms of the oral agreement to be kept and performed by her. While it is true that a contract for the sale of land of which a court of equity is justified in decreeing a specific performance must be certain and defined (*Odell* v. *Morin*, 5 Or. 96), the failure to require more specific allegations of the facts concerning the terms of the oral agreement waived the objections now urged, and authorized the term of residence, the kind of house and fences, and the character and extent of the improvements to be construed as being qualified by the word "reasonable;" and, this being so, the evidence, to our minds, conclusively shows that the plaintiff at the time the suit was instituted had fully complied with the terms of her agree-

ment, and was entitled to a deed of the premises. It is unnecessary to quote from or to comment upon the testimony, which we think conclusively shows that Schleich entered into the parol agreement relied upon; and this conclusion is reached without considering the statements imputed to Mrs. Schleich, as the agent of her husband, in the absence of any testimony tending to establish such agency. The testimony also shows that Schleich, without the knowledge of his children, voluntarily conveyed his farm to them; and, the evidence being of the character and degree required to support the decree, it is affirmed.　　　　　　　　　　　　　　　　AFFIRMED.