PUGH *v.* SPICKNALL.

[ 73 Pac. 1020, 74 Pac. 485.]

VENDOR AND VENDEE — RELATIVES — SPECIFIC PERFORMANCE.

1. Where there is an oral sale or gift of land between relatives, the making of valuable improvements by the donee or vendee in possession is a sufficient part performance of the contract to require a specific performance by the other party ; and possession by the grantee before the gift or sale is immaterial. In this case defendant, who was a widow, and seized of a dower interest in certain real estate in which plaintiff, her daughter, had a reversionary interest, orally agreed that, if her daughter would purchase the reversionary interests of the other heirs to the land in order that she might be near defendant to look after and care for her, defendant would surrender all of the same to the daughter's use during her life, except the right of common pasturage. Plaintiff, who was in possession, relying on this agreement, purchased the shares of the other heirs, and placed improvements on the property to the value of several hundred dollars. *Held*, that, since plaintiff was a relative of defendant, plaintiff's possession and the making of valuable improvements on the land by her was sufficient to take such oral agreement out of the statute of frauds; and the fact that plaintiff's possession of the land antedated the parol agreement was immaterial, the consideration for the contract being the care and attention plaintiff was able to bestow on her mother in consequence of her adjacent residence, and the improvements not having been made until after the agreement was entered into.

WAIVER OF INDEFINITENESS OF COMPLAINT BY ANSWERING.

2. Indefiniteness not amounting to a failure to state a cause of action is waived by answering, and such an objection may be presented first on appeal.

From Marion : REUBEN P. BOISE, Judge.

This is a suit to enjoin the prosecution of an action at law. The facts are that plaintiff's father having died seized of certain real property in Marion County, forty acres thereof were set apart to her mother, the defendant, as her dower, the reversion thereto being vested in the plaintiff, her brother, and three sisters. In October, 1891, the defendant leased the land so assigned to her, for the term of five years, to the plaintiff, who entered into possession and built a small house thereon, in which she lived with her family. The plaintiff (Johanna Pugh), before

the expiration of the term of her lease, secured the interests of her brother and two of her sisters in the land, and thereupon voluntarily partitioned the premises with the third sister, assigning to her the north eight acres and about one acre in a triangular form in the southeast corner, near which stood a house in a three-acre garden, used as a residence by her mother; the remainder of the premises being then covered with brush and timber. After plaintiff secured said title, she erected a good dwelling house and other buildings on the land, put up fences thereon, and cleared and cultivated about five acres thereof. Her brother, having returned to reside with her mother, began cutting said timber, to prevent which plaintiff appealed to the court, and secured a decree perpetually enjoining him from committing further waste. Her mother (Elizabeth Spicknall) thereupon commenced an action against her to recover possession of the thirty-one acres reserved in said partition, alleging herself to be entitled to the possession thereof, of which she had been deprived for more than six years, to her damage in the sum of $300. An answer having been interposed to the complaint in the action, the plaintiff filed the complaint herein in the nature of a cross-bill, setting up the facts hereinbefore detailed, and averring that before the expiration of said term of lease it was her intention to remove from the premises, but at her mother's request she refrained from doing so, and at her solicitation purchased said reversionary interests in pursuance of an agreement entered into with her mother, whereby it was stipulated that the latter should occupy the said house and garden and have a common right of pasturage on said premises and the use of the water of the well thereon, and that plaintiff was to have the full and absolute use of the remainder thereof, free from said dower estate, and to live upon said land, that she might be near her mother, and care for her in her sickness; that, rely-

ing upon such solicitation and agreement, the plaintiff purchased said interests and improved the property. The allegations of the cross-bill having been denied in the answer thereto, a trial was had, resulting in a decree permitting plaintiff to remain in possession of all the thirty-one acre tract except the said garden, and that each party have a common right of pasturage and the use of the water of the well on the premises, from which decree the defendant appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *John Bayne, William H. Holmes*, and *Webster Holmes*, with an oral argument by *Mr. Bayne* and *Mr. W. H. Holmes*.

For respondent there was a brief over the name of *Carson & Adams*, with an oral argument by *Mr. Loring K. Adams*.

MR. CHIEF JUSTICE MOORE, after stating the facts in the foregoing language, delivered the opinion.

The plaintiff, as a witness in her own behalf, testifies that on October 3, 1891, she leased, for a term of five years, her mother's farm, including said forty acres, stipulating to pay as rent therefor one third of the crops grown thereon ; that in July, 1896, intending to leave the premises at the expiration of the lease, she sought to buy other property with a view of making her home elsewhere, and for that purpose went with her mother to examine a tract of land offered for sale, but desiring the plaintiff to remain on the premises, so that she might be near her and care for her in her sickness, her mother persuaded her to buy the interests of the other heirs in the forty acres, saying that she only desired her home and garden, and that the witness could grub out and cultivate the unimproved part; that at her mother's solicitation she purchased said interests, continued to reside upon the premises, and made valuable improvements thereon, and at all times cared for her

mother, who was afflicted with stomach trouble that neces-
sitated constant attention; that her brother, having re-
turned to his mother's home, began to cut the timber from
plaintiff's land, whereupon the difficulty arose which cul-
minated in this suit. The plaintiff's husband, as her wit-
ness, corroborates her testimony, and says that the defend-
ant told plaintiff at the time she requested her to purchase
the interests of the other heirs that any land on the forty
acres outside her garden that they could clear and culti-
vate, she would never molest in the least, and with this
understanding the interests were secured. The defendant,
as a witness in her own behalf, testifies that she never gave
plaintiff any privileges, except to build a small house on
the land, and denies that she ever requested her daughter
to buy the interests of the other heirs. The defendant at
the time of the trial was seventy-six years old, and her
memory must necessarily be defective, for we think the
testimony of other witnesses conclusively shows, as the
court found, that the purchase of said shares was made at
her solicitation and for her benefit, that the plaintiff might
be near her in order to care for and look after her, and that,
relying thereon, the plaintiff made such purchases and
improved the property. The testimony also shows that the
improvements placed upon the premises are of the value
of from six hundred to one thousand dollars.

1. It is contended by defendant's counsel that this is a
suit for the specific performance of a parol contract affect-
ing an estate in real property, and that, plaintiff having
been in possession at the time of the alleged agreement,
the continued possession is not such a partial performance
as to take the contract out of the statute, and that the im-
provements made upon the premises inured to plaintiff as
the reversioner, and hence the court erred in rendering
the decree complained of. Plaintiff's counsel insist, how-
ever, that the contract entered into between their client

and her mother was a parol license upon the faith of which
the interests of the heirs was secured, and that, valuable
improvements having been made to the premises in reli-
ance upon such license, it had become irrevocable, and no
error was committed in protecting the plaintiff's rights
under the agreement. If it be assumed that this is a suit
for the specific performance of a contract, the possession
of the premises under the lease and the continued posses-
sion under the parol agreement are not very important
factors when it is remembered that the parties are mother
and daughter. When parties are related by affinity or
consanguinity, possession of land, under a parol agree-
ment, with the consent of the vendor, may not be sufficient
part performance to take the case out of the statute, but
the making of valuable improvements by the donee in
possession is essential to establish his right to enforce the
specific performance of a parol gift of land, and is sufficient
for that purpose : Pomeroy, Specif. Perf. § 130; *Barrett* v.
*Schleich*, 37 Or. 613 (62 Pac. 792). "The acknowledged
possession of a stranger on the land of another," says Mr.
Pomeroy in his work on Specific Performance, section 115,
quoting from an eminent equity judge, "is not explicable
except on the supposition of an agreement, and has there-
fore constantly been received as evidence of an antecedent
contract, and as sufficient to authorize an inquiry into its
terms, the court regarding what has been done as a conse-
quence of contract." The reason for such rule fails in the
case of a person who takes possession of the land of his
relative, for the possession may have been given as a gra-
tuity, with no thought on the part of the landlord that
such possession could be construed as a part performance
of a parol agreement. The making of valuable improve-
ments by the person in possession, however, would imply
that some authority had been granted for that purpose.
Possession alone of land under a verbal contract by a

stranger is sufficient part performance to take a case out of the statute without the payment of a consideration or making improvements : Pomeroy, Specif. Perf. section 115. In the case of a relative, who is permitted to take possession of land, it is the valuable improvements made by him in connection with the possession that tends to evidence a parol agreement. The possession, therefore, of such a person may, as in the present instance, antedate the parol agreement, the consideration for the agreement being the care and attention which plaintiff was able to bestow upon her mother in consequence of her adjacent residence. The testimony conclusively shows that plaintiff made valuable improvements upon the premises after securing the reversionary interest, and, though the cleared land would inure to her after her mother's death, it seems unreasonable to suppose that she would have expended from $600 to $1,000 without deriving any benefit therefrom until the happening of that event. The testimony shows that the land cleared and cultivated by the plaintiff was covered with timber, brush, and stumps, and of very little value to the defendant except possibly for pasture. Five acres of this land has been reduced to cultivation, plaintiff has built a good house, woodshed, and other buildings, thus evidencing her reliance upon her mother's representations and agreement; and, believing that an adequate consideration was given for the privilege granted, the decree is affirmed.

Affirmed.

### On Petition for Rehearing.

Mr. Chief Justice Moore delivered the opinion.

2. It is insisted in a petition for a rehearing that the part of the thirty-one acres to which plaintiff claims to be entitled is not described in the complaint, evidence, or decree with sufficient certainty for identification, and that the decree is broader than the pleadings and findings, in

that it awards to plaintiff the absolute use of a five-acre tract out of the land that was reserved for a common pasture. The complaint states that the defendant, during her natural life, is entitled to the exclusive use of about three acres of the land, whereon are erected her dwelling house and barn, and also to a common right of pasturage in the premises, and contains the following allegation: "The plaintiff and her said husband, C. W. Pugh, have grubbed and cleared a five-acre tract, and that the remainder of said premises have been used jointly, as aforesaid, by both the plaintiff and defendant." No motion having been made by the defendant in the court below requiring the plaintiff to describe the premises to which she claimed to be entitled with greater particularity, it is now too late to litigate the question here presented.

The facts detailed in the opinion are criticised as not being in accordance with the testimony, but we believe a careful examination of the transcript warrants the statements so made. The petition will therefore be denied, and it is so ordered.        REHEARING DENIED.