Argued March 10, modified April 12, rehearing denied May 17, 1927.

## B. DUNIS *v.* SIMON DIRECTOR ET AL.

(255 Pac. 474.)

**Landlord and Tenant—Evidence Held to Authorize Finding of Parol Contract Intended to Create Tenancy for Three-year Term.**

1. Evidence *held* to authorize finding of trial court that parol contract was intended to create tenancy for three-year term.

**Landlord and Tenant—Written Lease not Executed by Landlords Held Void for Want of Mutuality, and was not Evidence of a Demise.**

2. Written lease prepared by landlords, signed by tenant, but not executed by landlords, *held* void for want of mutuality, and not in itself evidence of a demise.

**Frauds, Statute of—Discontinuance of Tenant's Other Store Held Collateral to Continued Possession and Insufficient to Take Parol Lease Out of Operation of Statute (Or. L., § 808, Subd. 6).**

3. Discontinuance by tenant of another store and removal of goods therefrom to premises occupied under oral agreement for lease with defendants, not being connected with agreement, though done in reliance thereon, *held* a collateral act, which was insufficient to take oral lease out of operation of Section 808, subdivision 6, Or. L.

---

2. Memorandum signed by one party only as sufficient to satisfy statute of frauds, see notes in 3 Ann. Cas. 1036; 7 Ann. Cas. 671; 13 Ann. Cas. 1121; Ann. Cas. 1912C, 416.

3. Part performance under parol lease as satisfying statute of frauds, see note in 49 L. R. A. (N. S.) 113.

Frauds, Statute of—Continued Possession of Premises by Tenant and Making of Valuable Improvements Held Sufficient Part Performance to Take Oral Lease Out of Statute (Or. L., § 808, Subd. 6).

4. While mere continuance of possession of leased premises by tenant, which existed prior to agreement, is insufficient to take oral lease for three years out of Section 808, subdivision 6, Or. L., where in addition thereto tenant has made valuable improvements in reliance on the agreement, the continued possession and making of improvements are sufficient part performance to take lease out of operation of the statute.

Frauds, Statute of—Lessee Entering Premises and Incurring Expense With Lessor's Acquiescence is "Part Performance," Taking Oral Lease Out of Statute (Or. L., § 808, Subd. 6).

5. Where one, relying on oral agreement, has entered into possession of land as lessee with lessor's acquiescence, and has incurred expenses and so changed his circumstances that refusal of lessor to perform would be a fraud on lessee, such acts are part performance, taking case out of operation of Section 808, subdivision 6, Or. L.

Specific Performance—Specific Performance of Oral Agreement for Lease will not be Denied Because Contract was Indefinite Where Disputed Matter was Collateral to Lease.

6. Decree for specific performance of oral agreement to lease store building will not be denied because contract was not sufficiently definite as to terms where question whether tenant was to have lighting furnished free related to matter collateral to lease agreement, which could be settled in law action.

Frauds, Statute of, 27 C. J., p. 210, n. 20.
Landlord and Tenant, 35 C. J., p. 1151, n. 42 New 47.
Specific Performance, 36 Cyc., p. 591, n. 82, p. 662, n. 80, p. 677, n. 62, p. 681, n. 92.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

MODIFIED.     REHEARING DENIED.

For appellant there was a brief and oral arguments by *Mr. Arthur A. Goldsmith* and *Mr. David Robinson.*

For respondents there was a brief and oral argument by *Mr. Barnett H. Goldstein.*

4. Making improvements under oral lease as part performance, see note in 3 L. R. A. (N. S.) 852. Installing fixtures as part performance, see note in 10 A. L. R. 1495.

RAND J.—This is a suit to enjoin an action of forcible entry and detainer and for the specific performance of a parol contract for the leasing of real property. It is admitted by the answer that a contract of that kind was actually entered into between plaintiff and defendants, but there is a dispute as to the terms thereof. Plaintiff claims that the lease was to be for a term of three years, while defendants claim that under the lease the plaintiff was to be a tenant from month to month. Both parties admit that defendant was to pay rental for said premises at the rate of $225 per month. Plaintiff remained in possession of the premises under said lease for about one year and paid monthly the rental agreed upon. Defendants then commenced an action of forcible entry and detainer and thereupon plaintiff brought this suit to enjoin the prosecution of the action and to have the contract specifically performed and had decree in accordance with the prayer of his complaint. During the pendency of the suit and pending this appeal, he remained in possession of the premises until the expiration of the full term of three years, and during said time paid defendants rent at the rate of $225 per month and then surrendered possession of the premises.

1. One of the terms of the parol contract was that defendants should refloor the building and construct a new front, and this part of the agreement was carried out by the defendants. It also appears from the evidence that defendants had a lease prepared leasing the premises to plaintiff for the period of three years and had the same signed by the plaintiff and later refused to execute it upon their part, and that at the time the contract was entered into, plaintiff was conducting two stores in the City of Portland,

one in a building belonging to him and the other in defendants' building, and that in reliance upon the contract he closed up the store in his own building and rented the same to other parties and removed his stock of goods therefrom to the premises over which this controversy arose. From this and the other evidence in the case the trial court found that the parol contract was not to create a tenancy from month to month, but was for the full term of three years, and with this conclusion, after a careful examination of the whole evidence, we concur.

2. The fact that defendants had a written lease prepared and had plaintiff sign it and thereby undertake that upon its execution by defendants he would comply with the obligations contained in it could not, unless later it was properly executed by the defendants, create any leasehold estate in the premises, and not being executed by defendants the lease was void for want of mutuality, and is not in itself any evidence of a demise: *Adolph Spear & Co.* v. *Empire L. & E. Co.,* 88 N. J. L. 153 (95 Atl. 356), and authorities there cited.

3. Under our statute, Section 808, subdivision 6, Or. L., a parol agreement for the leasing of real property for a longer period than one year is void. Defendants rely upon this statute as a defense to this suit, while plaintiff claims that there has been such a part performance of the parol contract as to take the case out of the operation of the statute. The acts of part performance relied upon by plaintiff are these: the closing of his store in his own building, the removal of the goods therefrom, his leasing of the building to others, the consolidation of his business into one store, his possession of the store, his payment of rental and his making perma-

nent improvements in the building in reliance upon the contract. The improvements consisted of the construction by plaintiff of a balcony at a cost to him of $750, and the installation of new lighting fixtures, for which he paid $90. Defendants contend that these acts are not sufficient to take the case out of the operation of the statute, for the reason that plaintiff's possession was a continuance of a prior possession and not a new possession taken under and pursuant to the agreement in question. It appears from the evidence that plaintiff had been an occupant of the premises in question for several years prior to the making of the verbal contract; first as a tenant of a former lessee of the defendants, and subsequently for the period of two months as a tenant from month to month of the defendants.

A case throwing much light on this question is *Jenning* v. *Miller,* 48 Or. 201 (85 Pac. 517). In that case the plaintiff whose possession of the premises was a continued and not a new possession had, in reliance upon the parol contract, surrendered an option for a lease upon another building and had added to his stock of goods in the building in controversy. Outside of remaining in possession the fact relied upon as an act of part performance was the surrender of his lease upon the other building. This was held to be a mere collateral act not connected with the agreement, although done in reliance thereon and although prejudicial to the plaintiff and incapable of being adequately compensated in damages and done with the knowledge of the defendant. In that case the court laid down this principle, namely, that where the possession relied upon to take a case out of the statute of frauds is the uninterrupted continuation of a former condition and not a

new possession, such possession in itself alone is not part performance, since it can be accounted for as naturally by the prior condition as by the new agreement, and that such possession when accompanied by the doing of a mere collateral act not connected with the agreement, although the collateral act is done with defendants' knowledge and is prejudicial to plaintiff and not susceptible to compensation in damages, is not sufficient part performance to entitle the plaintiff to equitable relief. Under this authority the discontinuance of plaintiff's other store and the leasing of that building to others and the removal of the goods therefrom to the premises in controversy, was not connected with the parol agreement, although done in reliance thereon, and was therefore a mere collateral act which in conjunction with plaintiff's continued possession of the premises in controversy was not alone sufficient to take the case out of the operation of the statute. It has also been held in this state that the continuance in possession by a tenant under a parol contract is not sufficient part performance, in itself alone, to entitle plaintiff to equitable relief, in the following cases: *Brown* v. *Lord,* 7 Or. 302, 313, *Roberts* v. *Templeton,* 48 Or. 65 (80 Pac. 481, 3 L. R. A. (N. S.) 790), *Tonseth* v. *Larsen;* 69 Or. 387 (138 Pac. 1080), *Le Vee* v. *Le Vee,* 93 Or. 370 (181 Pac. 351, 183 Pac. 773), and *Riggs* v. *Adkins,* 95 Or. 414, 418 (187 Pac. 303).

4. In addition to the continuance of the possession and the doing of collateral acts not connected with the contract, we have in the instant case the additional element of plaintiffs having made valuable improvements, namely, the construction of a balcony, and this can be explained only upon the theory that there must have been some change in the relationship of

the parties from that of a tenancy from month to month to something more permanent, for it can hardly be supposed that plaintiff would have expended even the sum of $750 in constructing the balcony, if his right to the premises could be terminated on thirty days' notice. The element of valuable improvements having been made in reliance upon the contract by the lessee under a verbal lease, was entirely lacking in the cases referred to, and no Oregon case has been cited where it was held that one in possession of premises who entered into a verbal lease of the premises for a longer period than one year and made valuable improvements in reliance thereon was not entitled to have the contract specifically performed.

In *Pugh* v. *Spicknall*, 43 Or. 489 (73 Pac. 1020, 74 Pac. 485), the defendant, the owner of a life estate in forty acres of land which had been set apart to her as her dower interest in the real property of her deceased husband, leased to plaintiff, one of her daughters, all but three acres of the land. Before the lease expired and while the daughter was in possession of the land under the lease, they entered into a parol agreement whereby plaintiff was to have her mother's estate in the land, and on the strength of this agreement, plaintiff continued in possession of the land and made valuable improvements thereon. Subsequently, the mother sued the daughter for the possession of the land and the daughter set up by way of cross-complaint the making of the parol agreement and the making of valuable improvements upon the land. In disposing of the case this court among other things said:

"If it be assumed that this is a suit for the specific performance of a contract, the possession of the

premises under the lease and the continued possession under the parol agreement are not very important factors when it is remembered that the parties are mother and daughter. When parties are related by affinity or consanguinity, possession of land, under a parol agreement, with the consent of the vendor, may not be sufficient part performance to take the case out of the statute, but the making of valuable improvements by the donee in possession is essential to establish his right to enforce the specific performance of a parol gift of land, and is sufficient for that purpose: Pomeroy, Specif. Perf., § 130; *Barrett* v. *Schleich*, 37 Or. 613 (62 Pac. 792)."

By analogy it would seem that the same rule ought to apply between strangers where in reliance upon the parol contract, the lessee continues in possession with the knowledge and consent of his lessor, and in reliance upon the contract, places valuable improvements on the premises, but our attention has been called to no Oregon case holding definitely one way or the other upon this question.

5. It is settled law in this state that where one, in reliance upon the terms of a parol agreement, has entered into possession of real property as lessee with the acquiescence of his lessor and has incurred expenses and changed his circumstances and condition to such an extent that a refusal on the part of the lessor to perform would operate as a fraud on the rights of the lessee, such acts constitute part performance of the parol agreement and take the case out of the operation of the statute of frauds: *Wallace* v. *Scoggins*, 17 Or. 476 (21 Pac. 558).

It has also been held in this state that, "possession alone of land under a verbal contract by a stranger is sufficient part performance to take the case out of the statute without the payment of a consideration or making improvements: Pomeroy, Specif.

Perf., Section 115." *Pugh* v. *Spicknall, supra; Barrett* v. *Schleigh, supra.*

The possession which formed the basis of the decisions in the three cases last cited was a new possession taken under and pursuant to the oral contract and not a continuation of a former possession as that involved here, and hence they are not decisive upon the question now under consideration. "The important acts constituting sufficient part performance of a parol contract," says Mr. Pomeroy, "are actual, open possession of the land; or permanent and valuable improvements made on the land; or these two combined." 4 Pom. Eq. Juris. (3 ed.), § 1409 (note). The general rule is that since acts of part performance are ineffectual unless made in pursuance of the contract and referable to it, the continuance of a possession which existed prior to the agreement is insufficient because in such case possession was not taken under the parol agreement, but was taken under some antecedent agreement and such continued possession, although actual and open, in itself alone, is not sufficient to constitute part performance, but where in addition thereto permanent and valuable improvements had been made upon the land in reliance upon the parol agreement, we think under the great weight of authority, the two combined constitutes sufficient part performance to take the case out of the operation of the statute.

Where the possession is not a new fact but an uninterrupted continuation of a former condition, to be good part performance it must be accompanied by some further act on the part of the tenant in order to stamp its character and connect it in a way which can only be reasonably accounted for by the supposition of a contract for a renewed lease, such as the

payment of an increased rate of rent or some other payment which can be explained only by the supposition of a new contract, or the making of permanent and substantial improvements on the land "of such an extent and kind that they are reasonably referable to the new agreement, and not such as would necessarily or naturally occur under the old condition of affairs." Pom. on Specif. Perf. (2 ed.), § 124.

"The making of valuable permanent improvements on the land by a vendee or lessee, in pursuance of the agreement, and with the knowledge of the other party, is always considered to be the strongest and most unequivocal act of part performance by which a verbal contract to sell and convey, or to lease, is taken out of the statute." Pom. on Specif. Perf. (2 ed.), § 126.

Defendants contend that the making of the improvements must be stipulated for in the contract and that if not so stipulated they do not constitute part performance. The fallacy of this contention is shown by the author last quoted from in Section 127 where he says:

"The opinion has been maintained that the improvements must not only be made upon the faith of the agreement and with the assent of the vendor, but also that they must have been actually stipulated for by its terms, since, as it is argued, they cannot otherwise be said to be in execution of the contract. No decision, however, has turned upon this alleged requirement, and the conclusion itself is drawn from a very technical notion of executing a contract. * * The opinion above referred to, plainly rests upon no foundation of principle, is opposed to the equitable theory of part performance, and is not sustained by decisions of authority."

In discussing this question in 2 Story's Eq. Juris. (14 ed.), Section 1049, and note to Section 1048, the author says:

"But if the possession be delivered and obtained solely under the contract or if in case of a tenancy the nature of the holding be different from the original tenancy, as by the payment of higher rent, or by other unequivocal circumstances referable solely and exclusively to the contract, there the possession may take the case out of the statute. Especially will it be held to do so where the party let into possession has expended money in building, or repairs, or other improvements; etc."

"Where there is no new taking of possession, but a continuance after the contract, the presumption is that the continuance is not based on the new contract but upon the previously granted right. But this presumption may be controlled by evidence; it may be shown by evidence other than the fact of continued possession—not by that alone—that the further holding was in reality due to the new agreement entirely."

Hence we conclude that plaintiff's continued possession, accompanied as it was by the making of permanent and valuable improvements in the building, was sufficient to take the case out of the statute of frauds and to authorize the court to enter a decree specifically performing the parol contract.

6. But one other question need be considered. Defendants contend that the contract was not sufficiently definite and certain as to its terms to entitle a court of equity to grant the relief of specific performance. This arises over the disputed fact of whether plaintiff was not only to have possession of the leased premises, but also to have the lighting furnished free. This relates to a matter separate and distinct from the leasehold interest, and is collateral to it, the same as it would have been if there was a dispute as to

whether defendants were to furnish city water without expense to the lessee. We find no evidence sufficient to sustain the holding that defendants agreed to furnish the lighting at their own cost and expense. It appears from the evidence that at the time the parol contract was entered into, there was no separate meter for plaintiff's part of the building, and that the current used in the building for lighting purposes was charged to and paid by the defendants. We think, under the evidence, that plaintiff should repay defendants his proportion of the charges paid by defendants for the lighting of the building. To this extent only, the decree of the lower court will be modified and defendants will be permitted to prosecute an action at law against plaintiff to recover the amount due for said lighting. With that exception the decree will be affirmed, but without cost to either party upon this appeal.

MODIFIED.    REHEARING DENIED.

BURNETT, C. J., and COSHOW and McBRIDE, JJ., concur.