Argued March 12, affirmed April 9, 1952

# HUGHES *v.* KAY (Formerly HUGHES)
242 P. 2d 788

*Nathan Weinstein,* of Portland, argued the cause and filed briefs for appellant.

*Walden Stout,* of Portland, argued the cause for respondent. With him on the brief was Charles P. Duffy, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

LATOURETTE, J.

Plaintiff instituted the present suit to determine the rights between the parties in and to certain real property in Multnomah county, Oregon, which property had been deeded to them as "husband and wife", although the parties had never been married but had lived together as man and wife for a period of about 12 years. Plaintiff claims that defendant had no interest in the real property inasmuch as he purchased it out of his own funds, and that she holds title that

is vested in her as trustee for him. As an alternative, he alleges that if the court should find that she has an interest in the property, the same should be partitioned.

In her answer defendant has several defenses, such as estoppel, laches and unclean hands on the part of plaintiff. She then cross-complains, alleging that she and the plaintiff owned a piece of farm property near the city of Sherwood, Washington county, Oregon, and a portion of Track 37 in Buckman Tract, Multnomah county, Oregon, title to both properties having been taken in the names of the parties as husband and wife; that on or about June 22, 1946, after they had split the blanket, the parties entered into an oral agreement wherein and whereby defendant was to deed to plaintiff her undivided one-half interest in the Washington county property, and the plaintiff was to deed to defendant his undivided one-half interest in the property in question. Defendant then avers that she carried out her part of the agreement with respect to the Washington county property but that plaintiff has "failed and refused" to deed to her his undivided one-half interest in the property in litigation. She prays for the enforcement of the alleged agreement. Plaintiff in his reply denies the alleged agreement of June 22, 1946. The trial court entered a decree in favor of defendant on her cross-complaint, adjudging her to be the sole owner in fee simple of the whole of the real property described in the complaint. Plaintiff has appealed.

We will first take up defendant's claim under her cross-complaint, inasmuch as it is our opinion that defendant is entitled to prevail on the same. It, therefore, will be unnecessary to consider plaintiff's demands under his complaint.

■ As the parties were not husband and wife, they

held title to the two properties as tenants in common. *Merit v. Losey et al.*, 194 Or 89, 240 P2d 933.

■ The oral agreement alleged by defendant in her cross-complaint concerns the partition of the two properties between the parties, plaintiff to take the Washington county property and defendant to take the Multnomah county property. The law is well settled that cotenants may make a parol partition of the joint properties among themselves; and where each one, pursuant to such contract, takes exclusive possession of his own share as partitioned, the statute of frauds does not apply and equity will enforce the partition agreed upon. Pomeroy, Specific Performance of Contract (3d ed.) 308, § 121; 49 Am Jur, Statute of Frauds, 754, § 446; 58 CJ, Specific Performance, 1022, § 230; 1 Restatement, Contracts, 260, § 197. See annotations in 101 ALR 923.

Plaintiff has cited *Roberts v. Templeton*, 48 Or 65, 80 P 481, 3 LRA (NS) 790, and *Tonseth v. Larsen*, 69 Or 387, 138 P 1080. The above cases can be distinguished from the case at bar. In the Roberts case plaintiff did not prove exclusive possession of the property in him. He was in possession of the property under a contract with a cotenant of the vendor, his possession being referable to such contract. In that case we find the following language:

> "* * * It has been held, however, that where a cotenant owning a moiety of land receives from his contenant [sic] the exclusive possession of the premises under an oral contract of purchase the specific performance of the agreement will be decreed: Peck v. Williams, 113 Ind. 256 (15 N. E. 270); Littlefield v. Littlefield, 51 Wis. 25 (7 N. W. 773) * * *."

In the Tonseth case the alleged agreement was not proved. There was no change of possession of the

premises nor was any consideration given for the alleged agreement.

■ Plaintiff urges that in order to have specific performance of an oral contract, it is necessary to allege and prove that valuable and permanent improvements have been placed on the land in question. In *Young v. Neill et al.,* 190 Or 161, 220 P2d 89, 225 P2d 66, we laid down the rule that part performance does not necessarily depend upon whether or not improvements have been made. In the Young case we quoted from *Dunis v. Director et al.,* 121 Or 500, 507, 255 P 474:

> " 'It is settled law in this state that where one, in reliance upon the terms of a parol agreement, has entered into possession of real property as lessee with the acquiesence of his lessor and has incurred expenses and changed his circumstances and condition to such an extent that refusal on the part of the lessor to perform would operate as a fraud on the rights of the lessee, such acts constitute part performance of the parol agreement and take the case out of the operation of the statute of frauds * * * .' "

It is true that in both of the foregoing cases we were dealing with a lease. However, the principle is the same whether there is a claimed lease or a purchase of property.

■■ As to the proving of the alleged oral agreement, we have repeatedly held that since the trial judge has heard and observed the witnesses, his findings are persuasive on the appellate court, because the trial judge is in a much better position to determine the credibility of the witnesses. We have perused all the evidence in the case and are of the opinion that defendant has established the oral agreement. Defendant was corroborated by her daughter as to the existence of the contract while, on the other hand, plaintiff denied

the same, his testimony not being supported. Plaintiff admits that defendant joined in the deed to the Washington county property. She thereby fulfilled her part of the partition agreement.

■ As to defendant's possession of the Multnomah county property, plaintiff admits that she had exclusive possession of the same but under a different agreement, i.e., that she was to have the property so long as her children remained in school. In addition to his admission of her possession, the evidence discloses that she changed locks on the door of the dwelling house so that he was excluded therefrom. After the agreement was made, plaintiff absented himself from the property and never returned, left the state and married another. After the alleged agreement, defendant paid the taxes and insurance on the property. We believe the above clearly indicates a change of possession referable to the oral contract and sufficient to satisfy the law on that subject.

Although we must adhere to settled principles of equity, each case must depend upon its own facts and to deny defendant relief in this case where she has parted with a valuable right in the Washington county property would be inequitable, unjust and a fraud upon her; and instead of the statute of frauds being a shield from fraud, it would be invoked as a cloak for fraud.

Affirmed.