Argued May 23, reversed and remanded September 17, 1979

# BRAZELL,
*Appellant,*
*v.*
# MEYER, aka Brazell,
*Respondent.*
# (No. 77-2399-E-3, CA 12526)
600 P2d 460

Jeannette Marshall, Medford, argued the cause for appellant. With her on the briefs was William E. Greenberg, Medford.

Thomas J. Reeder, Medford, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Briefly stated, the single substantial issue in this case is: If unmarried persons who are cohabiting purchase real property in both their names, she using his last name, and their respective contributions toward the purchase price and subsequent improvements are unequal, how should the proceeds of the sale of the property be divided when they go their separate ways?

Appellant Byno Brazell and respondent Addie Meyer met in California and began living together in 1974. He was 51; she was 54. Both had previously been married. She had a well-paying government job and substantial assets accumulated during her prior marriage and from insurance on the life of her deceased husband. She was also receiving a widow's pension. Appellant was a welder. He was disabled for several months in 1974 and 1975 and has been totally and permanently disabled since late 1975 with an eye problem. Respondent was not employed outside the home after she and appellant began living together. The parties maintained joint bank accounts while they were in California, but she always kept some separate assets, as it was their understanding she could and would do. They maintained no joint accounts after moving to Oregon in late 1975.

In February, 1976, the parties purchased a residence in Medford for $26,695. There is no document of title in the record, nor was testimony directed specifically at the question of how title was taken. An escrow closing statement indicates that the property was to be sold to them as "Brazell, Byno I. and Addie T.," and she paid the purchase price with a check signed "Addie Meyer." She testified that she contributed all but $4,000 of the purchase price. He disputed that, but the trial court found her more credible on that point and we accept that assessment. It does appear that his financial contribution toward subsequent improve-

[181]

ments was greater than hers, but her overall investment in the property was clearly greater.

■■ Appellant brought suit for partition of the real property and various personal property, including an automobile. He claimed that the parties each owned an undivided one-half interest in the real property. At the suggestion of a judge other than the one before whom the case was tried appellant amended his complaint to one for "dissolution of a quasi-marriage."[1] The trial judge said he would try the matter as one for partition. He applied the principles announced in *Beal v. Beal*, 282 Or 115, 577 P2d 507 (1978), but found the parties had no general intent, explicit or implicit, to share *all* the property they accumulated during the relationship. On *de novo* review we agree. We therefore look to indications of the parties' intent with respect to individual items of property. *See Rissberger v. Gorton*, 41 Or App 65, 597 P2d 366 (1979).

The trial court awarded the automobile to respondent. Appellant paid for it. Title was in respondent's name. She testified that appellant told her he was buying it for her to replace her previous car, which had been sold to his brother. The trial court found her credible on that point, and we find no basis for disagreeing.

The other item in the decree which appellant challenges is the award to respondent of 85 percent of the proceeds of the sale of the residence. That award was based on respondent's contribution of 85 percent of the purchase price.

■■ The parties could not take title to the property as joint tenants (ORS 93.180); nor could they take as tenants by the entireties, because they were not married. They therefore are regarded as having taken title as tenants in common. *See Emmons v. Sanders*,

---

[1] In addition to the relief requested in the first complaint, appellant asked for spousal support and attorney's fees. The trial court ruled that it had no authority to grant spousal support or attorney's fees. That was correct.

217 Or 234, 244, 342 P2d 125 (1959); *Hughes v. Kay*, 194 Or 519, 242 P2d 788 (1952); *Merit v. Losey*, 194 Or 89, 240 P2d 933 (1952). The question is whether they each have an undivided one-half interest, or whether their shares are in proportion to their contributions.

In *Brandt v. Brandt*, 215 Or 423, 333 P2d 887 (1959), the parties attempted to take title to real property as "husband and wife." He furnished the entire purchase price. They believed in good faith that they were married, but their marriage ceremony was void because she had at that time a living husband from whom she had not been divorced. It was held that each had an undivided one-half interest in the property. The court referred to the presumption of a gift which arises when a husband and wife take title jointly, one or the other making a greater contribution, and stated:

> "[T]hat presumption of gift must be based primarily on the affection in which a married couple hold each other, and we see no difference in that affection when the parties, in good faith, believe that they are married. *The gist of the presumption is their probable intention at the time of the conveyance,* and to say that some unknown impediment to a valid marriage negates such an intent at some later date is, to us, unacceptable. \*\*\* [T]he very foundation of an estate by the entirety, which the parties in this case tried to create, is equality. We find nothing in this case to refute this equality and, accordingly, the plaintiff is entitled to partition to secure her the half interest which she claims." 215 Or at 451. (Emphasis supplied.)

In *Beal v. Beal, supra*, the court held unmarried parties to be equal co-tenants in property held in both their names on the basis of an agreement implicit in joint financial acts and in their cohabitation itself.[2]

---

[2] The court rejected the application of rules of co-tenancy "requiring a showing of who paid various items, such as taxes, mortgage payments or repairs," stating:

"The difficulty with the application of the rules of co-tenancy is

The instant case is distinguished from *Beal* by reason of the fact that the parties did not have either on express or implicit overall agreement, as the trial court properly found.

In the light of *Brandt* and *Beal,* read together, however, and if the parties took title as Byno I. and Addie T. Brazell (or as "Byno I. Brazell and Addie T. Brazell, husband and wife"), they should be awarded equal shares in the property. The parties lived together in the residence and, at least at the relevant times, held themselves out as husband and wife. Her use of his last name in taking title must be taken as a manifestation of an intent with respect to that property that they be treated as if married, even though they knew that they were not. There was nothing in the record to rebut the inference that she intended at the time the property was purchased that he have an equal share. The situation thereby created was substantially the opposite of that in *Rissberger v. Gorton, supra.* In spite of the fact that her contribution was greater, the evidence leads to the conclusion that each should have an undivided one-half interest in the proceeds of the sale, subject to the record state of the title.

On the record as it stands, we cannot be sure how the parties took title. No attention was paid to that issue below, but that might have been a result of confusion stemming from the trial court's having caused the case to be repleaded as if it were a dissolution of marriage but then conducting the trial in the manner of an action for partition. While a failure of a party having the burden of proof to carry that burden ordinarily would be fatal, we believe it fair in these special circumstances to remand for further evidence on the point. *See Brandt v. Brandt,*

that their mechanical operation does not consider the nature of the relationship of the parties. While this may be appropriate for commercial investments, a mechanistic application of these rules will not often accurately reflect the expectations of the parties." 282 Or at 122.

*supra.* If that evidence shows that the parties took title as "Byno I. and Addie T. Brazell" or as "Byno I. Brazell and Addie T. Brazell, husband and wife," the decree should be modified to award him one-half of the proceeds of the sale of the property and accumulated interest.

■ On the other hand, if on remand the title evidence leads to the conclusion that the parties *actually* intended a tenancy in common with shares in proportion to their contributions, Brazell is entitled to a recomputation of his share. The trial court's original apportionment to him of only 15 percent did not sufficiently take into consideration his contributions to improvements to the property which are substantiated by evidence in the record.

Reversed and remanded.