Argued and submitted April 27, affirmed in part; reversed in part
and remanded for entry of an order in accordance with the last
paragraph hereof October 26, reconsideration denied December 4,
petition for review denied December 22, 1981

In the Matter of the Distribution
of the Property of

McWHIRTER,
*Appellant,*

*v.*

McWHIRTER,
*Respondent.*

(No. 26247, CA 19280)

635 P2d 12

Fred E. Avera, II, Dallas, argued the cause for appellant. With him on the brief was Avera and Avera, Dallas.

John E. Sassor, Dallas, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

This is an appeal from an Order of Distribution entered in this suit for a declaration of the interests of petitioner and respondent in assets accumulated by them during their cohabitation. The trial court found that petitioner had no interest in the real property and she was not entitled to any portion of the value of the business assets. Petitioner appeals.

The parties began living together in March, 1974. Petitioner was a waitress; respondent was employed installing eaves troughs (a "gutterer"). After May, 1975, petitioner worked for respondent's employer as a "gutterer's assistant." They opened a checking account on which petitioner's last name was given as the same as respondent's. Petitioner also had her driver's license changed, using respondent's last name as her own. In May, 1975, the parties purchased a home and 18 acres in Dallas for $30,000. Respondent sold his car for $2000 to use as the down payment. The remaining balance was financed through a veteran's loan. The couple used petitioner's car for transportation after respondent's car was sold. Title to the real property was taken by both parties as "husband and wife," although they were not then, nor had they ever been, married to each other.

Prior to their separation, the mortgage payments were made from earnings of both parties and from proceeds from a gutter fabricating business started by them in April, 1976. Both were named as "parties of interest" on the assumed business name filed with the Corporation Commissioner. The business was started with $3000 borrowed from respondent's uncle. During the period between April, 1976, and January, 1978, petitioner participated in the business as an assistant "gutterer" and bookkeeper.

In August, 1978, petitioner moved out of the home, taking with her a car, a microwave oven, a motorcycle and some furniture. Respondent thereafter gave petitioner an undetermined amount of money in cash and checks. In addition, petitioner received proceeds of 25 checks she wrote on the joint account in December, 1978, after the account had been closed by respondent. On June 21, 1979,

petitioner brought suit for an equitable distribution of the parties' property.

The trial court relied on the Supreme Court's decision in *Beal v. Beal,* 282 Or 115, 577 P2d 507 (1978), and our decisions in *Rissenberger v. Gordon,* 41 Or App 65, 597 P2d 366, *rev den* 287 Or 301 (1979), and *Brazell v. Meyer,* 42 Or App 179, 600 P2d 460 (1979), for the proposition that, when a court makes a distribution of property accumulated during cohabitation, it must first determine the express intent of the parties; if no express intent is found, then it must determine the implied intent and draw inferences therefrom. The trial court found no evidence of express or implied intent that petitioner have any interest in the real property and declared respondent to be sole owner. The court did find an intent to form a business partnership between petitioner and respondent but found that petitioner had already been compensated for her half interest, and so awarded the guttering business to respondent. The court also allowed petitioner to retain the items in her possession, while ordering respondent to assume and hold petitioner harmless from obligations to repay all the insufficient fund checks written by petitioner on the joint account.

■        On *de novo* review, we find that the parties intended to own the real property jointly. In making this determination, we look to the factors set out in *Beal:*

> " * * * [I]nferences can be drawn from factual settings in which the parties lived. Cohabitation itself can be relevant evidence of an agreement to share incomes during continued cohabitation. Additionally, joint acts of a financial nature can give rise to an inference that the parties intended to share equally. Such acts might include a joint checking account, a joint savings account, or joint purchases." 282 Or at 122.

Here, title was taken in both parties' names, and mortgage payments were made from a joint checking account to which each contributed at first and which later consisted of proceeds generated from a joint business enterprise. Respondent wrote checks payable to petitioner on the same account to cover household expenses, with no effort made to keep a separate account for mortgage payments. The record shows petitioner contributed to the maintenance of the

household, taking care of respondent's two children, along with her own daughter.

The facts in this case are almost identical to those in *Rogelis v. Pettis,* 49 Or App 537, 619 P2d 1339 (1980), where one party sued to quiet title. There, the parties, although not married, had taken property as husband and wife and lived on it together for six years. This court, relying on *Beal,* concluded that the parties intended to own the property jointly. Although the court in *Beal* remanded the case for taking of further evidence, this court in *Rogelis* refused to do so, noting that *Beal* had been decided more than a year before *Rogelis.* In fashioning a remedy, we stated:

> " * * * Because *Beal* was the law when this case was tried, we do not remand for a second opportunity for the parties to present evidence that could have been presented then. Instead, we take the facts on this record and conclude that plaintiff and defendant are cotenants and, as such, have an equal interest in the property, * * *." 49 Or App at 541.

We adopt a similar solution in the instant case and find petitioner and respondent to have equal interests in the real property as cotenants, except that respondent is to be given credit for the $2000 down payment.

Petitioner also appeals the award of the guttering business to respondent. The trial record of its value consists of conflicting testimony by the parties. Neither party brought in an expert appraiser. They also dispute the amount of cash and checks petitioner received from respondent after the separation, including the insufficient fund checks. In reviewing *de novo,* we give weight to the court's findings where credibility of witnesses is important. *McCoy and McCoy,* 28 Or App 919, 562 P2d 207 (1977). We will not reverse, unless it clearly appears the trial judge is wrong. *Settle and Settle,* 276 Or 759, 556 P2d 962 (1976). On this record, we affirm the trial court's award of the guttering business to respondent.

Affirmed in part, reversed in part and remanded for entry of an order to provide as follows:

The first paragraph of the trial court's order of October 3, 1980, is stricken and the following is substituted therefor.

1. The parties are declared to be tenants in common with equal interests in the real property described in Volume 73 of the Book of Records for Polk County, Oregon, at pages 672 and 673 thereof, except that respondent is to be given credit for $2000 he contributed to the purchase of the property.

The remaining four paragraphs of the trial court's order are affirmed as written. No costs are awarded to either party.