On respondent's petition filed January 2, petition for attorney fees denied
April 9, 1997

Kevin Wayne STUFFLEBEAN,
*Respondent,*

*v.*

Tracy Lynn BROWN,
*Appellant.*

(93DM0448; CA A91666)

935 P2d 482

Margaret Melvin-Davidson for petition.

Jacques P. DePlois, *contra.*

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

This is an action for dissolution of a domestic partnership, a nonmarital relationship of individuals who have cohabited for a substantial period of time. On the merits, we affirmed the judgment of the trial court without opinion. *Stufflebean v. Brown*, 145 Or App 484, 928 P2d 367 (1996). Respondent now petitions for an award of attorney fees pursuant to ORS 107.105(5) and for an award of costs. We deny the petition for attorney fees and allow costs in the amount of $204.10.

In *Brazell v. Meyer*, 42 Or App 179, 600 P2d 460 (1979), we said in a footnote that, when a trial court ruled that it lacked authority to award attorney fees in an action for the dissolution of a domestic partnership: "That was correct." *Id.* at 182 n 1. We offered no explanation or analysis for our conclusion. We write now briefly to reaffirm the conclusion we reached in *Brazell* and to explain it.

ORS 107.105(5) provides:

"If an appeal is taken from the decree or other appealable order *in a suit for annulment or dissolution of a marriage* or for separation, and the appellate court awards costs and disbursements to a party, it may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

(Emphasis supplied.) By its terms, ORS 107.105(5) applies only on appeal in an action for annulment or dissolution of a marriage or a separation in a marriage. It does not authorize the court to award attorney fees in any other suit or action. This case is not an action for annulment or dissolution of a marriage or for separation in a marriage; the parties were never married to each other. Instead, it is an action in equity that arises wholly apart from the dissolution statutes. *See, e.g., Wilbur v. DeLapp*, 119 Or App 348, 351, 850 P2d 1151 (1993) (because Oregon does not recognize common-law marriage, nonmarried cohabitants are not subject to marital dissolution statutes). ORS 107.105(5), therefore, affords no basis for an award of attorney fees in this case.

As for costs, ORS 20.310 allows an award in "any appeal to the Court of Appeals." Moreover, there is no objection to respondent's petition in that regard.

Petition for award of attorney fees denied; costs allowed in the amount of $204.10.